1997 ND 44

Arnold SCHMIDT, Personal Representative of the Estate of Odelia Schmidt, Deceased, Plaintiff and Appellee,

v.

Gerald SCHMIDT, Defendant and Appellant.

Civil No. 960197.

Supreme Court of North Dakota.

March 20, 1997.

Thomas A. Wentz, of Pringle & Herigstad, P.C., Minot, for plaintiff and appellee.

Gerald Schmidt, Max, pro se.

NEUMANN, Justice.

[¶ 1] Gerald Schmidt appealed from a district court judgment evicting him from farmland in Odelia Schmidt's estate.  We affirm.

[¶ 2] The relevant facts underlying this eviction action are not in dispute.  In 1978 Wilson and Odelia Schmidt sold their family farm to their son, Gerald, on a contract for deed.  Wilson died in 1980 and Odelia died in 1990.  Odelia's estate brought an action to cancel the contract for deed, because Gerald had not made annual payments for many years.  The district court entered a judgment canceling the contract for deed and ordering the property sold at a sheriff's sale. Gerald appealed and in *Schmidt v. Schmidt*, 540 N.W.2d 605 (N.D.1995), this court upheld that judgment.

[¶ 3] On March 5, 1996, the McLean County sheriff issued a sheriff's deed conveying the farmland to Arnold Schmidt, Gerald's

brother, as personal representative of Odelia's estate. The personal representative leased the farmland to tenants, but Gerald refused to surrender possession of the farmland or to allow the tenants to farm it. The estate then brought this eviction action under Chapter 33–06, N.D.C.C., requesting the court to order Gerald removed from the premises and to deliver possession of the farmland to the estate and its lessees. Gerald filed an answer claiming that he, as an heir of the estate and one of the farmland devisees, "is or will become a co-tenant in the real property which is the subject of this action upon its distribution. Accordingly, the possession of such real property as a co-tenant or prospective cotenant is lawful and not contrary to law." The court held a bench trial, and on May 16, 1996, entered a judgment of eviction. Gerald appealed.

■ [¶ 4] Gerald's defense to the eviction action raises only a legal issue whether the estate, through its personal representative, was legally entitled to the judgment of eviction. We conclude, as a matter of law, the estate was entitled to a judgment of eviction against Gerald.[1]

■ [¶ 5] Under Section 33–06–01(3) and (5), N.D.C.C., a party can bring an eviction action to recover possession of real estate when another "unlawfully holds and keeps the possession of any real property" or "continues in possession after a sale of the real property under ... any judicial process and after ... the execution and delivery of a deed, or after the cancellation and termination of any contract for deed...." Under Section 30.1–18–09, N.D.C.C., the personal representative has the authority to take possession of the decedent's property, as against the heirs and devisees, to administer the estate:

*"Duty of personal representative—Possession of estate.* Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, except that any real property or tangible personal property may be left with, or surrendered to the person presumptively entitled thereto unless or until, in the judgment of the personal representative, possession of the property by the personal representative will be necessary for purposes of administration. *The request by a personal representative for delivery of any property possessed by an heir or devisee is conclusive evidence, in any action against the heir or devisee for possession thereof, that the possession of the property by the personal representative is necessary for purposes of administration.* The personal representative shall pay taxes on, and take all steps reasonably necessary for the management, protection, and preservation of, the estate in the personal representative's possession. The personal representative may maintain an action to recover possession of property or to determine the title thereto." (Emphasis added.)

The Editorial Board Comment to this section of the probate code clearly states the personal representative's decision that he needs to take possession of the property for administration purposes is conclusive against heirs and devisees:

"[I]f the personal representative decides that possession of an asset is necessary or desirable for purposes of administration, his judgment is made conclusive in any action for possession that he may need to institute against an heir or devisee. It may be possible for an heir or devisee to question the judgment of the personal rep-

---

1. Gerald requested but was denied a jury trial for the eviction proceedings. Issues of fact in an action for the recovery of specific real property, including forcible entry and detainer actions under the predecessor statutes to Ch. 33–06, N.D.C.C., have been held to be "properly triable to a jury." *Interior Lumber Co. v. Kunert,* 61 N.D. 322, 237 N.W. 780, 782 (1931). The es-

tate's argument Gerald was not entitled to a jury trial need not be addressed on this appeal, because the dispositive issue is a legal, not factual, issue and, consequently, the case does not require a jury. Legal issues are for the court to decide. *See Diegel v. City of West Fargo,* 546 N.W.2d 367 (N.D.1996).

resentative in later action for surcharge for breach of fiduciary duty, but this possibility should not interfere with the personal representative's administrative authority as it relates to possession of the estate."

Editorial Board Comment, Section 30.1–18–09, N.D.C.C. The personal representative clearly has authority to lease estate property for the benefit of the joint devisees.[2] Further, Section 33–06–03, N.D.C.C., authorizes executors and administrators to bring eviction actions "in the same manner as their testators and intestates, as the case may be."

[¶ 6] On this record, we can find no error by the trial court in granting the estate's request for a writ of eviction against Gerald. On appeal, Gerald raises several extraneous issues regarding his ownership and possession of a mobile home on the farmland, placement of fixtures by him on the farmland, and about past payments and other dealings regarding the contract for deed. These issues are irrelevant to the eviction issue. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Ceartin v. Ochs*, 516 N.W.2d 651, 656 (N.D.1994).

[¶ 7] Judgment affirmed.

[¶ 8] VANDE WALLE, C.J., MARING, J., RALPH J. ERICKSTAD, Surrogate Judge, and CYNTHIA A. ROTHE–SEEGER, District Judge, concur.

[¶ 9] CYNTHIA A. ROTHE–SEEGER, District Judge, and RALPH J. ERICK-

STAD, Surrogate Judge, sitting in place of SANDSTROM and MESCHKE, JJ., disqualified.

---

2. "30.1–18–11. *Powers of personal representatives—In general.* Until termination of the personal representative's appointment, a personal representative has the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate. This power may be exercised without notice, hearing, or order of court."

"30.1–18–15. *Transactions authorized for personal representatives—Exceptions.* Except as restricted or otherwise provided by the will or by an order in a formal proceeding and subject to the priorities stated in section 30.1–20–02, a personal representative, acting reasonably for the benefit of the interested persons, may properly:

1. Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

   \*    \*    \*    \*    \*    \*

9. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term within or extending beyond the period of administration.

   \*    \*    \*    \*    \*    \*

23. Sell, mortgage, or lease any real or personal property of the estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for unpaid balances."