2002 ND 33

### In the Matter of the ESTATE OF Irene HOWSER, Deceased.

**Kevin G. Connole and Kim P. Connole, Petitioners and Appellants,**

v.

**Jerry Anderson, Personal Representative of the Estate of Irene Howser, Respondent and Appellee.**

No. 20010185.

Supreme Court of North Dakota.

Feb. 20, 2002.

Rehearing Denied March 12, 2002.

Carol K. Larson, Pringle & Herigstad, P.C., Minot, for petitioners and appellants.

Terence P. Devine, Lakota, for respondent and appellee.

MARING, Justice.

[¶ 1] The contestants of Irene Howser's 1999 will appealed a judgment upholding the will and refusing to remove Jerry Anderson as personal representative of Howser's estate. We hold the trial court did not clearly err in finding that a presumption of undue influence in the drafting of Howser's will had been rebutted, and in refusing to remove Jerry Anderson as personal representative of Howser's estate. We affirm.

I

[¶ 2] Howser died on January 6, 2000 at the age of 96. Her husband predeceased her, and they had no children.

Howser's surviving relatives consisted of a niece, a nephew, and thirteen grandnieces and grandnephews. From February 3, 1999, until her death, Howser resided at the Good Samaritan Nursing Home in Lakota. In February 1999, Howser met with attorney Jeffry Anderson regarding changes to her will. According to Jeffry Anderson, Howser sought to delete certain beneficiaries from her will, to include specific charitable bequests, and to devise the residue of her estate for the benefit of the Lakota community. Jeffry Anderson testified Howser had no specific vehicle in mind for devising the residue of her estate, and the idea of a charitable foundation was developed. Jeffry Anderson testified Howser wanted the State Bank of Lakota involved with the management of the charitable foundation because that bank handled her accounts.

[¶3] On March 11, 1999, Howser executed a will prepared by Jeffry Anderson, which left a substantial residue to the State Bank of Lakota as trustee for the Irene Howser Foundation. When Howser executed the will, Jeffry Anderson was employed as an officer at the State Bank of Lakota. He was also a shareholder in a holding company that owned the State Bank of Lakota, and the holding company was exclusively owned by his family. Jeffry Anderson also served on the board of directors of the State Bank of Lakota. According to Jeffry Anderson, he discussed this possible conflict of interest with Howser and informed her that she should get another attorney involved with drafting her revised will. Jeffry Anderson testified Howser declined to seek counsel from another attorney.

[¶4] After Howser died, her 1999 will was admitted to probate. Howser's will named Jerry Anderson personal representative of the estate. Jerry Anderson was a long-time friend of Howser and is not related to Jeffry Anderson. Two of Howser's grandnephews contested her will, contending a presumption of undue influence existed against the drafting attorney, Jeffry Anderson, because of his business and family ties to the State Bank of Lakota. The contestants also sought to remove Jerry Anderson as personal representative of Howser's estate, because of his involvement in certain transactions regarding Howser's property.

[¶5] The trial court applied the statutory presumption of undue influence in N.D.C.C. § 59-01-16 to the will drafted by Jeffry Anderson. The court found, however, the presumption of undue influence had been rebutted. The court also found Jerry Anderson had rebutted the presumption of undue influence regarding his involvement in the transactions with Howser's property. The contestants appealed.

II

[¶6] The contestants argue the trial court correctly found the presumption of undue influence in N.D.C.C. § 59-01-16 applies to attorneys who prepare a will for a client and receive a substantial benefit under the will, but claim the court clearly erred in finding the presumption of undue influence had been rebutted.

[¶7] This Court has previously refused to apply the presumption of undue influence in N.D.C.C. § 59-01-16 to will contests. See *Estate of Wenzel–Mosset by Gaukler v. Nickels*, 1998 ND 16, ¶ 23, 575 N.W.2d 425; *Matter of Estate of Mickelson*, 477 N.W.2d 247, 250 (N.D.1991); *Matter of Estate of Ambers*, 477 N.W.2d 218, 222–23 (N.D.1991); *Matter of Estate of Polda*, 349 N.W.2d 11, 15 (N.D.1984). Here, the contestants argue Jeffry Anderson was undeniably acting in a fiduciary relationship of personal confidence when he drafted Howser's 1999 will, *see* N.D.C.C. 59-01-08, and the presumption

in N.D.C.C. § 59–01–16 applies to an attorney who actively participates in the preparation of a will and receives a substantial benefit under the will. However, we conclude it is not necessary to decide whether the presumption of undue influence in N.D.C.C. § 59–01–16 applies to an attorney who drafts a will and receives a benefit under the will, because, assuming the presumption applies, the trial court's finding that the presumption had been rebutted is not clearly erroneous.

[¶ 8] We do not condone the conduct of attorneys who draft a will and receive a substantial benefit under the will, and we have established a bright line that prohibits attorneys from drafting a will for non-relatives and receiving a substantial benefit under the will. *See Disciplinary Board v. Crary,* 2002 ND 9, ¶ 19, 638 N.W.2d 23; *In re Boulger,* 2001 ND 210, ¶ 7, 637 N.W.2d 710. However, this action is a will contest, not a disciplinary proceeding, and the trial court found the presumption of undue influence had been rebutted.

■ [¶ 9] We have defined undue influence in the context of a will contest as the substitution of the purpose and intent of one exercising influence for the purpose and intent of the testator. *Matter of Estate of Robinson,* 2000 ND 90, ¶ 10, 609 N.W.2d 745. We have recognized four elements of undue influence in a will contest: 1) a testator subject to undue influence; 2) the existence of the opportunity to exercise undue influence; 3) a disposition to exercise undue influence; and 4) a result that appears to be the effect of undue influence. *Id.* The determination of whether undue influence exists is a question of fact and is ordinarily established by circumstantial evidence. *Id.* at ¶¶ 10–11.

[¶ 10] In *Moen v. Thomas,* 2001 ND 95, ¶ 19–20, 627 N.W.2d 146 (citations omitted), we outlined our standard of review of a trial court's findings of fact:

A trial court's findings of fact will not be reversed on appeal unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. On appeal, the trial court's findings of fact are presumed to be correct, and the complaining party bears the burden of demonstrating a finding is clearly erroneous.

In a bench trial, the trial court is "the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations." We do not reweigh evidence or reassess credibility, nor do we reexamine findings of fact made upon conflicting testimony. We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and the court's choice between two permissible views of the evidence is not clearly erroneous.

■ [¶ 11] Here, the trial court's findings cited testimony that Howser was a feisty little lady who could not be influenced, she was all business and not swayed by others, she did what she wanted to do, she was not easily persuaded, and she did not delegate authority to make decisions. The court found Howser was "a strong-willed, independent, decisive and mentally competent lady during the February–March 1999 time frame when she was discussing her desired testamentary changes with Jeffry Anderson," and even after Howser executed the will, "she continued to personally manage some of her financial affairs." The court found "Jeffry Anderson was not attempting to exert undue influence upon [Howser] to utilize either the Lakota State Bank as Trustee or himself as her attorney, despite his conflict of interest." The court found that al-

though Jeffry Anderson had the opportunity to exert undue influence upon Howser, the presumption of undue influence had been rebutted and Howser's 1999 will was not the result of undue influence exerted on her by Jeffry Anderson or anyone else. Giving due regard to the court's opportunity to assess the credibility of the witnesses, we are not left with a definite and firm conviction the court made a mistake in finding the presumption of undue influence had been rebutted. We therefore conclude the court's finding the presumption had been rebutted is not clearly erroneous.

### III

[¶ 12] The contestants argue the trial court erred in not removing Jerry Anderson as personal representative of Howser's estate because of his participation in two transactions regarding her property.

### A

[¶ 13] In February 1999, Howser executed a durable power of attorney which authorized Jerry Anderson to rent or lease Howser's land upon terms and conditions he deemed proper. The contestants argue Jerry Anderson breached a fiduciary duty to Howser while acting under the power of attorney in November 1999 when he entered into a three-year lease of 880 acres of her farm land and personally received $4,400 annually from the rent proceeds.

[¶ 14] The trial court decided N.D.C.C. § 59–01–08 and the presumption of undue influence applied to Jerry Anderson's relationship with Howser, but he had rebutted the presumption of undue influence. According to Jerry Anderson, after Howser entered the nursing home, she delegated payment of certain bills to him and directed him to take $5 per acre from the cash rent lease for management of the land. Jerry Anderson testified Howser contin-

ued to conduct her own financial affairs, and he described her as having a real good mind and being very, very independent. Jerry Anderson further testified that when Howser gave direction she expected no debate, and she had specific ideas, followed her own mind, and did not delegate authority to make decisions. The trial court found Jerry Anderson was a long-time family friend of Howser, and he had successfully rebutted the statutory presumption of undue influence and did not breach any fiduciary duty to Howser regarding the lease of the farm land. Viewing the evidence in light most favorable to the court's finding and giving due regard to its opportunity to assess the credibility of the witnesses, we are not left with a definite and firm conviction the court erred in finding Jerry Anderson did not breach a fiduciary duty to Howser and the evidence rebutted the presumption that he exercised undue influence regarding the lease. The court's findings about Jerry Anderson's involvement with the lease before he was appointed personal representative of Howser's estate are not clearly erroneous, and they do not require his subsequent removal as personal representative of her estate.

### B

[¶ 15] The contestants argue Jerry Anderson breached his fiduciary duty to Howser's estate when he purchased her car from the estate. The contestants do not seek to void the transaction; rather, they seek to remove Jerry Anderson as personal representative of the estate.

[¶ 16] Under N.D.C.C. § 30.1–17–11, a person interested in an estate may petition for removal of a personal representative for cause, which exists when removal would be in the best interest of the estate, or the personal representative has mismanaged the estate or failed to perform any duty pertaining to the office. The removal of a personal representative for

cause involves the exercise of discretion by a trial court, and the court's decision will not be set aside on appeal absent an abuse of discretion. *Jarmin v. Shriners Hosps.*, 450 N.W.2d 750, 752 (N.D.1990).

 [¶ 17] Section 30.1–18–13, N.C.C.C., strictly prohibits a personal representative from engaging in transactions with the estate in which the personal representative has a conflict of interest or derives a personal benefit. *Matter of Estate of Thomas*, 532 N.W.2d 676, 687 (N.D. 1995). A transaction between a personal representative and an estate must be scrutinized in light of that proscription, and a court may void the transaction. *See Cudworth v. Cudworth*, 312 N.W.2d 331, 335 (N.D.1981). Jerry Anderson acknowledged buying Howser's car from her estate approximately six months after she died. He testified he paid the estate $4,000 for the vehicle even though the "bluebook" value was $3,400. The court recognized the vehicle was valued at $3,900 on an inventory and appraisal of estate property. The court found Jerry Anderson did not use his position as personal representative for personal gain at the expense of Howser's estate. Although we do not condone Jerry Anderson's purchase of Howser's vehicle without court approval or consent by persons interested in her estate, *see* N.D.C.C. § 30.1–18–13, under these circumstances we are not persuaded the court abused its discretion in refusing to remove him as personal representative of Howser's estate.

[¶ 18] We affirm the judgment.

[¶ 19] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ.