2002 ND 82

**In the Matter of the ESTATE OF Francis HASS, Deceased.**

**Dallas Hass, Lloyd Hass, and Shirley Puppe, Appellants,**

v.

**Kenneth W. DeKrey, Personal Representative, Wayne Hass and Louis Hass, Appellees.**

**No. 20010233.**

Supreme Court of North Dakota.

May 14, 2002.

Monty G. Mertz, Mertz Law Office, Fargo, ND, for appellants.

Steven K. Aakre, Serkland Law Firm, Fargo, ND, for appellees.

MARING, Justice.

[¶ 1] Dallas Hass, Lloyd Hass, and Shirley Puppe appealed from a July 19, 2001 order, approving the administration of the intestate estate of Francis Hass. We hold the trial court did not abuse its discretion in approving the personal representative's administration of the estate, approving the personal representative's fees and attorney fees, approving the sale of the real estate and personal property, or in denying the appellants' requests for supervised administration and for removal of the

personal representative and the estate's attorney. We affirm.

[¶ 2] Francis Hass died in 1997 at the age of 86. He was survived by four sons—Dallas, Lloyd, Wayne, and Louis—and a daughter, Shirley Puppe. Dallas and Lloyd Hass petitioned to probate a will, which had been executed by Francis Hass less than four weeks before his death, and which named them as personal representatives. The will gave $300 each to Shirley, Wayne, and Louis, and gave the remainder of Francis Hass's estate to Dallas and Lloyd.

[¶ 3] Wayne and Louis Hass and Shirley Puppe retained attorney Erik R. Johnson to challenge the will. The trial court set aside the will after a jury found it was executed under the undue influence of Dallas and Lloyd Hass upon Francis Hass. While the will contest was being litigated, all five children of Francis Hass entered a stipulation agreeing to the appointment of Kenneth DeKrey as special administrator of the estate. When the will was set aside, the court appointed DeKrey to serve as personal representative of the intestate estate.

[¶ 4] DeKrey filed an inventory showing the total net value of the estate was $87,414.21, and the primary asset was a quarter section of farmland near Valley City. An appraiser valued the farmland at $72,000. DeKrey sold the farmland to its current tenants for their bid price of $62,000. He also sold the personal property of the estate at auction, and he filed a final accounting proposing to divide the estate's net assets equally among the five children.

[¶ 5] On December 27, 2000, Dallas and Lloyd Hass filed an objection to the personal representative's proposed distribution and also filed a petition requesting that the court remove DeKrey as personal representative, discharge Johnson as the

attorney for the estate, and order a supervised administration of the estate. After an evidentiary hearing, the trial court entered the July 19, 2001 order approving administration of the estate by DeKrey, setting attorney and personal representative fees, and denying the requests for removal of the personal representative and the estate attorney and for supervised administration.

[¶ 6] On appeal Dallas and Lloyd Hass and Shirley Puppe request this Court to vacate the lower court's order, to direct an independent accounting of the estate, to remove DeKrey as the personal representative and Johnson as the estate's attorney, and to appoint "an independent, neutral fiduciary to complete the administration of the estate."

## I

[¶ 7] Although neither party has questioned the appealability of the court's order, the right to appeal is jurisdictional, and we may consider appealability on our own initiative. *Matter of the Estate of Stensland*, 1998 ND 37, ¶ 10, 574 N.W.2d 203. This case involves an unsupervised administration of an intestate estate. Because each proceeding in an unsupervised probate is considered independent of other proceedings involving the same estate, there need be finality, for purposes of appealability, only as to the proceeding being appealed, not as to the entire estate. *Schmidt v. Schmidt*, 540 N.W.2d 605, 607 (N.D.1995). The trial court's July 19, 2001 order constituted a final approval of the estate administration and resolved all claims of interested parties pending at that time. We, therefore, conclude the court's order is appealable and this Court has jurisdiction of the appeal under N.D. Const. art. VI, § 6 and N.D.C.C. § 28–27–01.

## II

[¶ 8] After Erik Johnson represented some of the heirs in their successful challenge of the will, the trial court appointed DeKrey as personal representative to administer the intestate estate, and DeKrey retained Johnson to assist with that administration. The appellants claim the trial court erred in refusing to remove Johnson as the attorney for the estate because of the "inherent conflict of interest Mr. Johnson has had from the beginning of this entire case." The appellants argue "[i]t is nearly beyond [the appellants'] comprehension that [Johnson] could presume to advise Mr. DeKrey in how to administer the estate in a fair and impartial manner, when he has continued to represent the opposite parties throughout, even dating before their father died … A simple reading of Rule 1.7, of the North Dakota Rules of Professional Responsibility and the commentary thereto make it nearly beyond debate that Mr. Johnson has been operating under a fundamental conflict of interest throughout the entire case."

[¶ 9] Rule 1.7, N.D.R. Prof. Conduct, provides in relevant part:

(a) A lawyer shall not represent a client if the lawyer's ability to consider, recommend, or carry out a course of action on behalf of the client will be adversely affected by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests.

(b) A lawyer shall not represent a client when the lawyer's own interests are likely to adversely affect the representation.

(c) A lawyer shall not represent a client if the representation of that client might be adversely affected by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests. . . .

[¶ 10]   Other than the cursory reference to Rule 1.7, counsel cites no authority to support his position that Johnson has an "inherent conflict" which mandates the trial court to remove Johnson from providing legal services for the estate. This action is not a disciplinary action, and we have said a violation of a Rule of Professional Conduct does not itself provide the basis for a recognized claim for relief. *See Olson v. Fraase,* 421 N.W.2d 820, 828 (N.D.1988) and cases cited therein. The appellants have failed to show how Johnson's alleged conflict has rendered him unable to fairly represent the intestate estate and DeKrey as its personal representative. Furthermore, they have failed to show how they have been prejudiced by the legal services provided to the estate by Johnson. Under N.D.C.C. § 30.1–18–15(18) and (21), the personal representative is empowered to employ attorneys and others to assist and advise him and to have the estate pay compensation for those services. *Matter of Estate of O'Connell,* 476 N.W.2d 8, 11 (N.D.1991). The decision whether to remove a person from duties associated with management of an estate lies within the discretion of the trial court. *See Brugger v. Stroh,* 503 N.W.2d 848 (N.D.1993) (denial of petition to remove personal representative not an abuse of discretion). We conclude the trial court did not abuse its discretion in denying the appellants' request to remove Johnson as attorney for the estate.

### III

[¶ 11]   The appellants claim the trial court erred in refusing to remove DeKrey as personal representative, in approving DeKrey's administration of the estate, and in approving DeKrey's fees.

### A

[¶ 12]   The appellants claim the trial court erred in refusing to remove DeKrey as personal representative of the estate. Under N.D.C.C. § 30.1–17–11, a person interested in an estate may petition for removal of a personal representative for cause, which exists when removal would be in the best interest of the estate, or the personal representative has mismanaged the estate or failed to perform a duty pertaining to the office. The removal of a personal representative for cause involves the exercise of discretion by the trial court, and the court's decision will not be set aside on appeal absent an abuse of discretion. *In re Estate of Howser,* 2002 ND 33, ¶ 16, 639 N.W.2d 485. The appellants never made a formal objection to DeKrey's appointment as personal representative and did not object to his administration of the estate until he filed the proposed final accounting. The appellants have failed to show specifically how DeKrey has failed to perform a duty pertaining to the office or how he has mismanaged the estate, so as to require his removal. Consequently, we conclude the trial court did not abuse its discretion in refusing to grant the appellants' request that DeKrey be removed as personal representative.

### B

[¶ 13]   The appellants claim DeKrey did not act reasonably in selling the farmland to the tenants for $62,000 when the appraised price of the property was $72,000. Under N.D.C.C. § 30.1–18–03(2), the personal representative is empowered to administer the estate and to distribute the assets of an intestate estate to the heirs. Under N.D.C.C. § 30.1–18–15(6), the personal representative has the specific authority to "dispose of an asset, including land ... at public or private sale." The personal representative's decision to take possession of estate property is conclusive against the heirs and devisees. *Schmidt v. Schmidt,* 1997 ND 44, ¶ 5, 560 N.W.2d 886 (N.D.1997); N.D.C.C. § 30.1–18–09.

[¶ 14] DeKrey testified that he believed the $62,000 offer made by the tenants was a fair price for the property, even though an appraiser had valued it at a higher price. DeKrey testified he believed the sale of the property was reasonable considering there would be no sale's commissions, advertising fees, or other expenses associated with the sale to the tenants. When the tenants offered to purchase the land, DeKrey sent a thirty-day notice to the heirs, giving them an opportunity to object to the sale or to purchase the land at the price offered by the tenants. None of the heirs filed an objection to the proposed sale and none of the heirs made an offer to purchase the land.

[¶ 15] The trial court found that the sale of the land was "reasonable and proper and the personal representative obtained fair value for the estate." A trial court's findings of fact will not be reversed on appeal unless they are clearly erroneous. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made. *Moen v. Thomas*, 2001 ND 95, ¶ 19, 627 N.W.2d 146. On appeal, the trial court's findings of fact are presumed to be correct, and the complaining party bears the burden of demonstrating a finding is clearly erroneous. *Id.* We conclude the trial court's finding that, under the circumstances, the personal representative's sale of the estate farmland was reasonable and proper is not clearly erroneous.

## C

[¶ 16] The appellants also assert that DeKrey sold items of their personal property at the estate auction sale. Although the heirs disagreed whether certain items of personal property located on the estate premises belonged to individual heirs or were owned by Francis Hass, none of them came forward with specific evidence credible to the trial court showing that they, rather than the estate, owned any of the personal property which DeKrey gathered, inventoried, and sold at auction in settling the estate. We conclude the heirs have failed to show their claims of ownership have merit and the trial court did not abuse its discretion in approving DeKrey's sale of these personal property items.

## D

[¶ 17] The appellants also complain that some of the items of personal property, such as certain tractors, had a higher fair market value than the personal representative received for the items at the auction sale. However, other than their own opinion of the value, the appellants have offered no evidence credible to the trial court showing the value of those items or that a fair price was not obtained for them at the estate auction. The trial court found that the personal representative's sale of the personal property "was reasonable and proper and the personal representative obtained fair value for the estate." We conclude the trial court's finding is not clearly erroneous.

## E

[¶ 18] The appellants assert DeKrey did not timely serve an inventory of the estate assets upon the heirs as required under N.D.C.C. § 30.1-18-06:

1. Within six months after appointment, or nine months after the death of the decedent, whichever is later, *a personal representative,* who is not a special administrator or a successor to another representative who has previously discharged this duty, *shall prepare and file or mail an inventory of property owned by the*

*decedent at the time of the decedent's death,* listing it with reasonable detail, and indicating as to each listed item, its fair market value as of the date of the decedent's death, and the type and amount of any encumbrance that may exist with reference to any item.

2. *The personal representative may file the original of the inventory with the court and send a copy of the inventory only to interested persons who request it. If the personal representative elects not to file the inventory with the court, the personal representative must mail a copy of the inventory to each of the heirs in an intestate estate,* or to each of the devisees if a will has been probated, and to any other interested persons who request it.

(Emphasis added.) DeKrey filed an inventory with the court on July 27, 2000. The statute unambiguously states that if the inventory is filed with the court the personal representative is required to provide a copy "only to interested persons who request it." The appellants have failed to show they made a request to DeKrey for a copy of the inventory or that DeKrey ignored any such request by them. They have failed to show how DeKrey did not comply with the requirements of the statute.

### IV

■ [¶ 19] The appellants assert the trial court erred in awarding attorney fees to Erik Johnson for legal services he rendered in the will contest. Attorney Roger Weisenburger represented Dallas and Lloyd Hass in unsuccessfully defending the challenge to the will. The trial court awarded Weisenburger $10,622.47 in attorney fees to be paid by the estate. The personal representative has not appealed that award, and we, therefore, express no opinion on the appropriateness of that rul-

ing. *But see Estate of Honerud,* 326 N.W.2d 95, 97 (N.D.1982) (person nominated as personal representative under a will subsequently invalidated as having been executed under his undue influence over the testator cannot claim good faith in defending the will and is not entitled to attorney fees incurred in defending against challenge to the will).

[¶ 20] Wayne and Louis Hass and Shirley Puppe retained attorney Erik Johnson to contest the will. The trial court concluded those legal services were rendered in good faith and, in equity, were a benefit to the entire estate as a whole and, therefore, awarded $16,742.99 in attorney fees to be paid by the estate for Johnson's legal services in contesting the will.

[¶ 21] In *Estate of Rohrich,* 496 N.W.2d 566, 570 (N.D.1993), this Court considered the issue of whether an attorney who is employed by a beneficiary for a will contest can recover attorney fees from the estate. This Court concluded there is no statutory basis for an award of attorney fees for legal services performed primarily for the personal interest of a beneficiary, but recognized the trial court may award attorney fees, as a matter of equity, for legal services benefiting the estate as a whole:

It has been held that the equitable power of a court authorizes an award of attorney fees in an action by one person which benefits a class of persons, thus making it equitable to spread the costs of the action among the members of the benefited class. More specifically, some states allow beneficiaries to recover fees in equity when, at their own expense and not for their sole benefit, their attorney's services benefited the estate as a whole by increasing a common fund in which other beneficiaries might share.

*Id.* at 572 (citations omitted). In *Rohrich* this Court held the attorney's action chal-

lenging the personal representative's administration added value to the estate and, consequently, the trial court did not abuse its discretion in awarding attorney fees for those legal services. *Id.* at 573.

[¶ 22] However, this Court has also recognized that, in awarding attorney fees under N.D.C.C. § 30.1–18–20 for a good faith defense or prosecution of issues involving the estate, a benefit to the estate may occur even when there is not an enhancement of value or increase in estate assets:

A "benefit" to an estate certainly includes services that bring about an enhancement in value or an increase in the assets of the estate. *See, e.g., Matter of Estate of Ambers,* 477 N.W.2d 218, 224 (N.D.1991). However, we believe that a "benefit" to the estate is not to be measured solely in monetary terms, but can also include a personal representative's good faith attempts to effectuate the testamentary intention set forth in a facially valid will. *See, e.g., In re Estate of Lewis,* 442 So.2d 290, 292 (Fla.Ct.App. 1983). As the court reasoned in *In re Pelgram's Estate,* 146 Misc. 750, 262 N.Y.S. 848, 854 (1933):

"To be beneficial, it need not be shown that net tangible monetary advantage was realized or that a money loss was avoided. The administration of trust property does not permit so simplified a test of 'benefit.' The word applies to every aspect of administration which sound judgment would approve. If in the carrying on of such an administration legal services are required either in defense or in attack, the fiduciary may contract for or may pay and receive allowance for reasonable fees."

Statutes providing for attorney fees to be paid out of the estate to a successful or unsuccessful personal representative who engages in good faith proceedings recognize that an estate as an entity is benefited when genuine controversies as to the validity or construction of a will are litigated and finally determined. *Estate of Flaherty,* 484 N.W.2d 515, 518 (N.D.1992). In determining the appropriateness of awarding attorney fees from an estate, a crucial factor is whether the services of the attorney are for the common benefit of the estate rather than by whom the attorney was employed. *See Estates of Kjorvestad,* 287 N.W.2d 465, 468 (N.D. 1980). A trial court's decision regarding an award of attorney fees will not be overturned on appeal unless the court has abused its discretion. *Oliver v. City of Larimore,* 540 N.W.2d 630, 635 (N.D.1995).

[¶ 23] The trial court specifically found that the will contest was conducted in good faith and, in equity, was a benefit to the entire estate as a whole. We conclude the trial court's finding is not clearly erroneous. While the will contest litigation here did not increase the overall value of the estate, it resulted in the determination of the proper course of administering the decedent's estate and in determining the proper distribution of the estate's assets among the heirs of the deceased. Without the litigation, the estate likely would have been administered under the guidance of an invalid will, executed upon undue influence over the testator. It is in the best interests of an estate to be administered under the intestate law rather than under the terms of an invalid will. *Estate of Foster,* 102 N.M. 707, 699 P.2d 638, 645–46 (App.1985) (trial court's award of attorney fees upheld for litigation resulting in denial of probate of invalid will because the estate was benefited by having assets distributed according to the intestate law rather than under invalid will); *Estate of Gardner,* 114 N.M. 793, 845 P.2d 1247, 1258 (App.1992) (attorney fees may be awarded for services rendered that benefit the entire estate, and there is such benefit

by an action which prevents or corrects an unlawful distribution of the estate); *see also* 40 A.L.R.2d 1407 (1955); Annot., *Right to Allowance Out of Estate of Attorneys' Fees Incurred in Attempt to Establish or Defeat Will.* By settling the question of the validity of the will, the court was able to direct administration of the estate and distribution of the estate's assets in accordance with our intestate law. Under these circumstances, we conclude the trial court did not abuse its discretion in awarding attorney fees for legal services rendered in contesting the will.

V

[¶ 24] In accordance with this opinion, we hold the trial court did not abuse its discretion in approving the administration and final accounting of the personal representative; in awarding attorney fees and fees to the personal representative; in denying the request for removal for the personal representative and the attorney for the estate; or in denying the request for supervised administration. We therefore affirm the trial court's July 19, 2001 order in its entirety.

[¶ 25] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.