2002 ND 194

**Robert D. GIESE, Plaintiff and Appellant,**

v.

**Eva GIESE, Defendant and Appellee.**

No. 20020168.

Supreme Court of North Dakota.

Dec. 4, 2002.

Arnold V. Fleck, Bismarck, N.D., for plaintiff and appellant.

Richard B. Baer, Richard B. Baer, P.C., Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Robert Giese appealed from orders of the district court denying his demand for a change of judge, granting Eva Giese's motion to enforce a prior judgment dividing Robert's retirement account between the parties, denying Robert's request for reconsideration of the issue, and denying Robert's motion for attorney fees. We affirm.

I

[¶ 2] Robert and Eva Giese were divorced on March 26, 1998, after a long-term marriage. The divorce decree awarded Eva twenty percent of Robert's employee retirement account and directed Robert's attorney to prepare an appropriate order to accomplish the retirement split. The court entered an order on January 22, 1999, slightly modifying the terms of the retirement division, but retaining the 80/20 percent allocation. The court ordered Eva's attorney to prepare an amended judgment and a qualified domestic relations order ("QDRO") to accomplish the division of the retirement account between the parties. Despite the court's directive, a QDRO was not prepared.

[¶ 3] On March 1, 2002, Eva filed a motion to enforce the retirement split under the divorce judgment, requesting the court to order Robert's attorney to pre-pare an appropriate QDRO or to provide information necessary for Eva's attorney to prepare the QDRO. Eva also requested costs and attorney fees for the motion. Robert filed a motion for a change of judge. Robert also filed a motion requesting an award of costs and attorney fees for responding to Eva's motion. The trial court denied the motion for a change of judge and denied both parties' requests for costs and attorney fees. The court ordered Eva's attorney to prepare a QDRO and directed Robert to provide Eva's attorney the necessary financial information for that purpose. Robert filed a motion for reconsideration, which the trial court denied. The trial court also awarded Eva $100 in attorney fees as a sanction for Robert renewing his request for attorney fees after the court had addressed the issue.

II

[¶ 4] When Eva filed a motion to enforce the divorce judgment's division of Robert's employee retirement account, Robert filed a demand for a change of judge, which was denied by the court. Robert asserts the court erred in denying the request.

[¶ 5] The relevant statutory language is found under N.D.C.C. § 29–15–21:

1. Subject to the provisions of this section, any party to a civil or criminal action or proceeding pending in the district court may obtain a change of the judge before whom the trial or any proceeding with respect thereto is to be heard by filing with the clerk of the court in which the action or proceeding is pending a written demand for change of judge. . . .

3. . . . In any event, no demand for a change of judge may be made after the judge sought to be disqualified

has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14–05–24 or an order for child custody pursuant to section 14–05–22 must be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge.

The purpose of this statute is to allow a party to obtain a change of judge if the party does not believe he could have a fair and impartial trial before the assigned judge. *See Traynor v. Leclerc*, 1997 ND 47, ¶¶ 9–10, 561 N.W.2d 644. However, the right to challenge an assigned judge is not unlimited. *Id.* at ¶ 17. For instance, the plain language of the statute precludes a demand to change a judge who has ruled upon any matter pertaining to an action or proceeding in which the demanding party was heard or had an opportunity to be heard. *Stroschein v. Stroschein*, 390 N.W.2d 547, 549 (N.D.1986).

[¶ 6] The judge Robert sought to disqualify presided over the original divorce proceedings and had, therefore, ruled on matters in those proceedings where Robert appeared and was heard. The presiding judge, in denying Robert's demand for a change of judge, considered Eva's motion to be "merely a further hearing on the judgment entered previously." Robert asserts Eva's motion was to modify the property division, thereby invoking a separate proceeding from the original divorce proceedings, for which Robert is entitled to a change of judge. We conclude Eva's motion was for the purpose of enforcing the divorce decree, not to amend it.

Eva requested the court to specify a procedure to be followed by the attorneys for preparing a QDRO to accomplish the 80/20 split of Robert's retirement account, as required by the divorce judgment. Eva asked the court to direct Robert's attorney to either prepare the QDRO or to furnish information necessary for Eva's attorney to prepare it. We conclude Eva's motion did not invoke a proceeding to modify the property division of the original divorce decree, but rather initiated a proceeding to enforce that decree. Therefore, Robert was not entitled to a change of judge under N.D.C.C. § 29–15–21(3).

[¶ 7] Robert asserts the trial court's order resolving the merits of Eva's motion constituted a modification of the original judgment, by requiring Robert's attorney to provide financial information or, alternatively, to provide written authorization for release of that information by the trustee of Robert's retirement account. He asserts the court's resolution of the motion thereby modified the original judgment, entitling Robert to a change of judge under N.D.C.C. § 29–15–21(3). We conclude, as a matter of law, the trial court's ruling, setting forth the process for accomplishing the retirement account split in accordance with the original divorce decree, did not constitute a modification of that decree. Furthermore, the disposition of the motion for change of judge was properly based upon a consideration of Eva's motion when that motion was made, not when the court ruled on the merits of the motion. Eva's motion was to enforce, not modify, the divorce decree. The trial court's ruling effectively constituted a clarification of its original judgment, and this Court favors permitting a trial court, upon a motion by a party, to clarify its judgments. *Johnson Farms v. McEnroe*, 2000 ND 137, ¶ 12, 613 N.W.2d 497. If the same judge clarifies an original judgment,

we afford the judge's clarification considerable deference. *Neubauer v. Neubauer,* 552 N.W.2d 793, 795 (N.D.1996). We hold the presiding judge did not err in denying Robert's demand for a change of judge.

### III

[¶ 8] Robert asserts the trial court erred in granting Eva's motion to enforce the retirement account split. In its order, the trial court directed Robert "shall either provide the necessary verified financial information relative to [his] retirement account, or alternatively provide a written authorization for release of the same by the trustee." The court also directed that Eva's attorney "shall prepare a Qualified Domestic Relations Order consistent with the Court's prior rulings and judgment as herein amended."

[¶ 9] Robert's attorney claims Eva's attorney has all the information he needs to prepare the QDRO. *See Tolstad v. Tolstad,* 527 N.W.2d 668, 672 (N.D.1995). Eva's attorney has not specified what information he needs from Robert's attorney to prepare a valid QDRO. Unless Eva's attorney specifies the information he needs from Robert's attorney to prepare the QDRO, there is nothing for Robert or his attorney to perform under the court's order. In its order denying Robert's motion for reconsideration, the trial court stated:

> The Court's Order entered under the date of April 24, 2002, expressly provides for [Robert] or his counsel to ensure the availability of all necessary information for a complete and meaningful Qualified Domestic Relations Order. If counsel for [Robert] has so complied, therein assuring the availability of such information, legal counsel for [Robert] has fulfilled its (sic) obligation to the Court. It is then the obligation of legal counsel for [Eva] to prepare the Quali-

fied Domestic Relations Order without delay and submit the same to the Court.

Robert has not shown how the court committed error or caused him prejudice by granting Eva's motion, and we hold the trial court did not err in granting the motion to enforce the divorce decree.

### IV

[¶ 10] Robert asserts the trial court abused its discretion in awarding Eva attorney fees of $100. The trial court entered an order on April 24, 2002, granting Eva's motion of March 1, 2002, to enforce the divorce judgment's division of Robert's retirement account. Robert filed a Motion for Reconsideration on May 8, 2002. Eva filed a response to that motion on May 10, 2002. The court entered an order on May 14, 2002, denying Robert's motion for reconsideration. After the court entered its order, Robert filed a reply brief on May 20, 2002, in response to Eva's May 10, 2002, response to Robert's motion. Eva filed a response on May 24, 2002, referring to Robert's reply brief as a "second request for the Court to reconsider" Eva's original motion. Robert filed another brief on May 31, 2002, in response to Eva's May 24, 2002 response, and in that brief Robert included a renewed request to the court for costs and attorney fees incurred in defending against Eva's March 1, 2002, motion. The court entered an order on July 2, 2002, awarding Eva $100 in attorney fees as a sanction for Robert renewing his motion for attorney fees after the court had already ruled on it.

[¶ 11] A trial court has considerable discretion in awarding costs and attorney fees, and its decision will not be overturned on appeal absent an abuse of discretion. *Matrix Properties Corp. v. TAG Investments,* 2002 ND 86, ¶ 35, 644 N.W.2d 601, *cert. denied,* — U.S. —,

123 S.Ct. 448, —— L.Ed.2d ——. In a divorce case, the court can award either party attorney fees under N.D.C.C. § 14–05–23, and the guiding principal for such an award is one spouse's need and the other's ability to pay. *Berg v. Berg,* 2002 ND 69, ¶ 18, 642 N.W.2d 899. Also, an appropriate factor for the court to consider in deciding whether to award attorney fees for litigation involving marital obligations is whether one party's actions have unreasonably increased the time and effort spent on the dispute. *Mahoney v. Mahoney,* 1997 ND 149, ¶ 40, 567 N.W.2d 206.

[¶ 12] In her March 1, 2002, motion to enforce the divorce decree, Eva states Robert's attorney "has set up claims and roadblocks to getting this job done so his actions are increasing the work and costs of completing this part of the case." While the court could have made more explicit findings on its basis for awarding Eva attorney fees of $100, we can glean from the court's ruling that it found the actions of Robert's counsel contributed to unnecessary effort and expense in accomplishing the court-ordered split of Robert's retirement account. Under the circumstances, we conclude this minimal award is justified under the court's authority to award attorney fees in divorce proceedings and did not constitute an abuse of discretion.

V

[¶ 13] Robert asserts the trial court abused its discretion in not awarding him costs and attorney fees under N.D.C.C. § 28–26–01(2), on the ground that Eva's March 1, 2002, motion to enforce the retirement account split under the divorce judgment was frivolous. For purposes of this statute, a claim is frivolous when there is a complete absence of law or fact so a reasonable person could not have expected a court would render judgment in that party's favor. *Bertsch v.*

*Duemeland,* 2002 ND 32, ¶ 35, 639 N.W.2d 455. The trial court granted Eva relief on her motion and, consequently, it was clearly not so lacking in basis that a reasonable person could not expect the court to render a decision in her favor. A trial court has considerable discretion in awarding costs and attorney fees, and its decision will not be overturned on appeal absent an abuse of discretion. *Matrix,* 2002 ND 86, ¶ 35, 644 N.W.2d 601, *cert. denied,* —— U.S. ——, 123 S.Ct. 448, —— L.Ed.2d ——. We conclude the trial court did not abuse its discretion in denying Robert's request for attorney fees on the ground Eva's claim was frivolous.

VI

[¶ 14] We affirm the trial court's orders denying Robert's request for a change of judge, denying Robert's request for costs and attorney fees, granting Eva's motion to enforce the divorce judgment, and awarding Eva $100 in attorney fees.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.