2003 ND 174

**Sharon A. McDOWELL, n/k/a Sharon A. Martinson, Plaintiff and Appellee,**

v.

**Jefferey T. McDOWELL, Defendant and Appellant.**

**No. 20030079.**

Supreme Court of North Dakota.

Nov. 13, 2003.

Rehearing Denied Dec. 2, 3003.

Carol K. Larson, Pringle & Herigstad, P.C., Minot, for plaintiff and appellee.

Robert S. Rau, Bosard, McCutcheon & Rau, Ltd., Minot, for defendant and appellant.

DALE V. SANDSTROM, Justice.

[¶ 1]   Jefferey McDowell is appealing a Northwest Judicial District Court judgment granting Sharon McDowell custody of the parties' son and awarding Jefferey McDowell visitation rights and ordering him to pay child support and attorney fees. This appeal followed our remand in *McDowell v. McDowell*, 2001 ND 176, 635

N.W.2d 139 ("*McDowell I*"). Jefferey McDowell argues the district court erred in granting custody to Sharon McDowell and in failing to extend his visitation. He argues the court improperly calculated child support and improperly awarded attorney fees to Sharon McDowell. We affirm, concluding the district court's decision was not clearly erroneous and the court did not abuse its discretion.

### I

[¶ 2] The facts underlying this litigation are extensively discussed in *McDowell I* and will be referred to here only as necessary to understand the issues on appeal.

[¶ 3] In the original judgment, the district court granted the parties a divorce and divided the marital property, awarding Sharon McDowell property with a net value of $34,872 and awarding Jefferey McDowell property with a net value of $28,337. The court denied Jefferey McDowell's request that Sharon McDowell pay him spousal support. The court further awarded Sharon McDowell custody of their son, subject to Jefferey McDowell's right of visitation, and ordered Jefferey McDowell to pay $250 per month in child support, retroactive to July 1, 1999. The court also denied Jefferey McDowell's request for partial attorney fees. We reversed and remanded, stating:

> The trial court's analysis of the custody issue is cryptic and confusing, leaving us unable to discern the factual basis for its award of custody to Sharon. We therefore conclude the court erred in failing to explain its grant of custody to Sharon, and we remand for reconsideration and for the preparation of findings that sufficiently explain its custody decision.

*McDowell I,* 2001 ND 176, ¶ 26, 635 N.W.2d 139.

> We conclude the trial court's child support calculation is erroneous as a matter of law, and we reverse the child support award and remand for recomputation in accordance with the child support guidelines, should the court again grant Sharon custody.

*Id.* at ¶ 34.

[¶ 4] On remand, the district court again awarded custody to Sharon McDowell and granted Jefferey McDowell visitation, ordering him to pay child support beginning July 1, 1999, with increases on January 1, 2000, and January 1, 2001. The trial court awarded Sharon McDowell attorney fees and costs. Jefferey McDowell appealed.

[¶ 5] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28-27-01 and 28-27-02.

### II

[¶ 6] Jefferey McDowell argues the district court erred in awarding custody of the parties' son to Sharon McDowell.

### A

[¶ 7] Jefferey McDowell argues the findings of fact prepared by Sharon McDowell's attorney were not the findings of the district court.

[¶ 8] "When the court affixes its signature to the findings, even though drafted by counsel, they become the findings of the court, and if they adequately explain the basis of the court's decision," the findings will be upheld. *Schmidkunz v. Schmidkunz,* 529 N.W.2d 857, 858 (N.D. 1995); *Hendrickson v. Hendrickson,* 553 N.W.2d 215, 218 (N.D.1996). "When the trial judge affixes his signature to the find-

ings of fact they become the findings of the court." *Vetter v. Vetter*, 267 N.W.2d 790, 792 (N.D.1978).

[¶ 9] Before signing the findings prepared by Sharon McDowell's attorney, the district court reviewed and revised them. We conclude the findings of fact, having adequately explained the basis for the court's decision, were the findings of the court and were not clearly erroneous.

## B

[¶ 10] Jefferey McDowell argues the district court erred in awarding custody of the parties' son to Sharon McDowell, claiming the court incorrectly found that factors (c), (d), and (m) of N.D.C.C. § 14–09–06.2(1) favored her. In making an initial custody determination, the trial court found that factors (c), (d), (f), and (m) of N.D.C.C. § 14–09–06.2(1) favored Sharon McDowell and that the parties were equal on the remaining factors.

[¶ 11] " 'A trial court's custody determination is a finding of fact that will not be set aside on appeal unless it is clearly erroneous.' " *Stoppler v. Stoppler*, 2001 ND 148, ¶ 7, 633 N.W.2d 142 (quoting *Reeves v. Chepulis*, 1999 ND 63, ¶ 8, 591 N.W.2d 791). "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made." *Schmidt v. Schmidt*, 2003 ND 55, ¶ 14, 660 N.W.2d 196; *see also Shields v. Shields*, 2003 ND 16, ¶ 6, 656 N.W.2d 712.

[¶ 12] Jefferey McDowell argues, the court improperly found he was not supporting his son, because he claims he was not aware of this obligation. The district court found:

C. *Disposition of parents to provide child with food, clothing, and the like.* This fact favors Sharon. When Jefferey returned from California to North Dakota, Jefferey withdrew over $21,000 from marital assets to support himself. During the interim, Jefferey did not provide financial support for [his son], with the exception of purchasing a few items of personal property for [him], and a limited amount of medical expenses. Jefferey's failure to provide support is certainly noted.

[¶ 13] We are not persuaded by Jefferey McDowell's argument. Parents should not need a court order to know they are obligated to support their children. Section 14–09–08, N.D.C.C., establishes the legal duty of parents to support their children. We conclude his objection is without merit.

[¶ 14] Jefferey McDowell also argues the district court improperly found he intended to remain in California. The district court found:

D. *Length of time the child has lived in a satisfactory environment.* By Jefferey's consent, [his son] has been living with his mother since May of 1999. Jefferey left Sharon and [his son] and moved to California knowing that Sharon would not be joining him unless the marital problems were resolved.

[¶ 15] Jefferey McDowell claims he had returned to North Dakota upon hearing of the divorce and had a return airline ticket purchased weeks before he went to California. There is evidence to support the trial court's contrary finding. At trial, Sharon McDowell testified that she told Jefferey McDowell it would not work for her to move to California with their marriage in the condition it was in at the time. She testified that she clearly told him she and their son would not be going to California with him. Jefferey McDowell testi-

fied that two weeks before he went to California, the couple discussed the possibility that she might not want to move.

■ [¶ 16] When two parties present conflicting testimony on material issues of fact, we will not redetermine the trial court's findings based upon the testimony. *Williston Cooperative Credit Union v. Pesek,* 363 N.W.2d 548, 550 (N.D.1985).

"In a bench trial, the trial court is 'the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.' We do not reweigh evidence or reassess credibility, nor do we reexamine findings of fact made upon conflicting testimony. We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and the court's choice between two permissible views of the evidence is not clearly erroneous."

*Piatz v. Austin Mut. Ins. Co.,* 2002 ND 115, ¶ 24, 646 N.W.2d 681 (quoting *Estate of Howser,* 2002 ND 33, ¶ 10, 639 N.W.2d 485 (citations omitted)). We conclude the findings under this factor are supported in the record and are not clearly erroneous.

[¶ 17] Under factor m, "any other factors," the district court found Sharon McDowell was the primary caretaker of the child. *See Nefzger v. Nefzger,* 1999 ND 119, ¶ 18, 595 N.W.2d 583.

[¶ 18] Jefferey McDowell argues that the district court's reliance on caregiver status is erroneous in this case because their son is no longer a preschooler but an upper class elementary school student, and further, that he was the one providing the attention and care for the child on a daily basis for all but one month of the three to five years prior to this action.

[¶ 19] Jefferey McDowell seems to be arguing, in part, that the district court misapplied the "tender-years doctrine," a doctrine holding that children "of tender years" generally belong with their mother. The tender-years doctrine has been repealed in North Dakota. *See* N.D.C.C. § 30–10–06 (repealed 1973); *Leppert v. Leppert,* 519 N.W.2d 287, 292 (N.D.1994). And the public policy of this state is that there is to be no gender bias in custody decisions regardless of the age of the child. N.D.C.C. § 14–09–06.1 ("Between the mother and father, whether natural or adoptive, there is no presumption as to who will better promote the best interests and welfare of the child.").

[¶ 20] The district court's decision to award custody to Sharon McDowell was based on many factors, and we are not convinced that its findings of fact are clearly erroneous or that its decision was improper.

[¶ 21] We conclude the district court's awarding of custody to Sharon McDowell was not clearly erroneous.

### III

■ [¶ 22] Jefferey McDowell argues the district court erred in failing to consider or adequately explain its decision on visitation. A trial court's decision on visitation is a finding of fact that will not be reversed on appeal unless it is clearly erroneous. *Lukenbill v. Fettig,* 2001 ND 47, ¶ 17, 623 N.W.2d 7.

[¶ 23] We discussed the district court's decision on visitation in *McDowell I,* stating:

The trial court granted Jefferey visitation with [their son] every other weekend while he lives in the same community as Sharon and visitation on alternating major holidays. Jefferey was also awarded two months of summer visitation with [their son]. Although Jefferey wanted "weekly visitation" during the rest of the year, he has not convinced us the visitation awarded

by the trial court in this case is clearly erroneous. In its reconsideration of custody, however, the trial court may adjust visitation.

*McDowell I,* 2001 ND 176, ¶ 29, 635 N.W.2d 139.

[¶ 24] The district court was given the option to adjust visitation on remand, but was not required to do so. We conclude the visitation award is not clearly erroneous.

### IV

[¶ 25] Jefferey McDowell argues the district court erred in calculating child support.

### A

[¶ 26] He argues the district court erred in calculating child support, because increases in support, which predate Sharon McDowell's motion for amended support, were ordered on a step basis, and post-trial evidence was used to determine the amount of support.

[¶ 27] When reviewing a child support judgment, this Court applies a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse-of-discretion standard of review for discretionary matters. *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215. "The trial court's decision whether to award past child support is discretionary and will not be overturned on appeal unless the court has abused its discretion." *Richter v. Houser,* 1999 ND 147, ¶ 17, 598 N.W.2d 193. "A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation." *Knutson v. Knutson,* 2002 ND 29, ¶ 20, 639 N.W.2d 495.

[¶ 28] The amount of child support is set from the date of the motion to modify, absent a good reason for not doing so. *Geinert v. Geinert,* 2002 ND 135, ¶ 10, 649 N.W.2d 237. In *Geinert,* we held the trial court retained discretion to set some later effective date if its reasons for doing so were apparent. *Id.* In this case, we conclude there are sufficient good reasons for implementing child support to be set at an earlier effective date.

[¶ 29] In this case, there was a lengthy period during which the motion for child support was pending. Sharon McDowell brought an action for divorce against Jefferey McDowell in June 1999, seeking reasonable child support in the complaint. She also sought an ex parte interim order requesting child support to begin in June 1999. In the ex parte interim order, the district court ordered that child support be calculated according to the North Dakota Child Support Guidelines, beginning June 1, 1999, in an amount to be established at the hearing. In August 2000, Jefferey McDowell was ordered to pay the sum of $250 monthly for child support, beginning July 1, 2000. This order was later amended to reflect that payments should begin on July 1, 1999. Jefferey McDowell then appealed the decision. Sharon McDowell's original motion was still pending during the appeal of this case in *McDowell I,* 2001 ND 176, 635 N.W.2d 139, in which we instructed the district court to recompute child support using the Child Support Guidelines. On remand, the district court had actual numbers by which to calculate the support in this case, using tax returns obtained post-trial.

[¶ 30] Section 75–02–04.1–02(7), N.D. Admin. Code, states "income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." These tax returns

were not available to the district court when it decided child support in the first trial. In other circumstances dealing with calculating child support obligations, this Court has held it unnecessary for the district court to predict income for those years for which income is actually known. *Interest of E.H.*, 1997 ND 101, ¶ 7, 564 N.W.2d 281.

[¶ 31] Under the facts in this case, it was not an abuse of discretion to increase support without a motion or to use post-trial evidence. The original motion for child support was still pending on remand, and Jefferey McDowell's actual income was known. We conclude the trial court had sufficient reasons for ordering child support to begin in July 1999 with step increases each year.

### B

[¶ 32] Jefferey McDowell argues the district court erred in calculating child support, because the court did not consider his disability.

[¶ 33] The district court in its memorandum opinion stated, "it is observed by this Court that the defendant relying upon his disability and professing an inability to support the child would classify him as a malingerer of sorts. In other words, he was 'riding that horse as far as he could.' " The district court considered Jefferey McDowell's disability, but found him to be rehabilitated. We conclude the district court's decision was not clearly erroneous.

### C

[¶ 34] Jefferey McDowell argues the district court erred in calculating child support, because it failed to consider on remand N.D. Admin. Code § 75–02–04.1–07 relating to imputing income.

[¶ 35] The district court did not need to consider N.D. Admin. Code § 75–02–04.1–07 on remand, because it did not find it appropriate to impute income to Jefferey McDowell. We conclude his objection is without merit.

### V

[¶ 36] Jefferey McDowell argues the district court erred in awarding attorney fees to Sharon McDowell.

[¶ 37] "A trial court has considerable discretion in awarding costs and attorney fees, and its decision will not be overturned on appeal absent an abuse of discretion." *Giese v. Giese*, 2002 ND 194, ¶ 11, 653 N.W.2d 663. "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies or misinterprets the law." *Simpson v. Chicago Pneumatic Tool Co.*, 2003 ND 31, ¶ 10, 657 N.W.2d 261.

[¶ 38] "The key factors in determining the propriety of an attorney fee award in a divorce action are one party's needs and the other's ability to pay." *Schmidt v. Schmidt*, 2003 ND 55, ¶ 18, 660 N.W.2d 196. Section 14–05–23, N.D.C.C., provides, in part:

> During any time in which an action for separation or divorce is pending, the court, upon application of a party, may issue an order requiring a party to pay such support as may be necessary for the support of a party and minor children of the parties and for the payment of attorney fees.

[¶ 39] In *McDowell I*, we concluded the trial court did not abuse its discretion in ordering the parties to be responsible for their own attorney fees and in refusing to award Jefferey McDowell partial attorney fees. 2001 ND 176, ¶ 37, 635 N.W.2d 139. We explained, Sharon McDowell's income was somewhat limited, her earning capaci-

ty at the time was similar to Jefferey McDowell's, and her property distribution was not as liquid as Jefferey McDowell's and was not substantially greater than his. On remand the district court awarded Sharon McDowell $1,000 together with costs. Sharon McDowell earns $1,350 per month and Jefferey McDowell now earns approximately $2,360 per month, a difference of more than $1,000 per month. We conclude that under the circumstances, the district court did not abuse its discretion in awarding Sharon McDowell attorney fees.

## VI

[¶ 40] Concluding the district court did not err in its determination of child custody, visitation, child support, and attorney fees, we affirm the judgment of the district court.

[¶ 41] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and WILLIAM A. NEUMANN, JJ., concur.

MARING, Justice, concurring specially.

[¶ 42] I concur specially because I disagree with that part of the majority's analysis that Jefferey argues the trial court relied on the tender years doctrine in arriving at its decision to award Sharon custody of the parties' minor son, who was 12 years old at the time of the second amended judgment. The tender years doctrine creates a preference for the mother in a custody dispute when the children are infants, very young, or, in other words, of "tender years."

[¶ 43] Jefferey never mentions the "tender years doctrine" in his arguments. He argues that Sharon was never the primary caretaker of the minor child. He argues he also picked up the child from day care, gave him snacks, put him to bed, etc. Jefferey argues in conclusion, "As such, with the division of duties as to child care, no one person could be the primary caretaker." He also argues that Sharon

invented findings of the court that were not in Judge Holum's memorandum opinion when she drafted the findings. Jefferey argues that the court initially did not find one parent had been the primary caretaker.

[¶ 44] In this case, the trial court never mentioned "tender years" and the parties' son was at the time of the court's final decision more than 12 years old, hardly an infant or child of "tender years." The trial court does conclude that Sharon has been the primary caretaker of the child and chronicles the care she has provided for him throughout his 12 years. "The role of primary caretaker is gender neutral on its face." *Leppert v. Leppert,* 519 N.W.2d 287, 292 (N.D.1994).

[¶ 45] We have said the role of primary caretaker is an appropriate factor to be considered in determining the best interests of a child, but it is only one factor and not controlling. *See Kjelland v. Kjelland,* 2000 ND 86, ¶ 15, 609 N.W.2d 100. The primary caretaker is the parent who gives the child daily nurturing, care, and support. *Id.* "Thus, the primary caretaker rule is distinguishable from the tender years doctrine because the father may be the primary caretaker." *Gravning v. Gravning,* 389 N.W.2d 621, 625 n. 2 (N.D. 1986) (Levine, J., dissenting).

[¶ 46] In this case, the trial court carefully discussed all of the best interests factors and found factors (c) and (f) favored Sharon, in addition to finding Sharon is the primary caretaker of the child. *See* N.D.C.C. § 14–09–06.2(1)(c) and (f). There is no indication that Jefferey argued or that the trial court considered the tender years doctrine, and I, therefore, concur specially.

[¶ 47] Mary Muehlen Maring.