**ASHLEY EDUCATION ASSOCIATION, Plaintiff and Appellant,**

v.

**ASHLEY PUBLIC SCHOOL DISTRICT, No. 9, Defendant and Appellee.**

**Civil No. 960246.**

Supreme Court of North Dakota.

Dec. 20, 1996.

Michael Geiermann (argued), of Rolfson Schulz Lervick & Geiermann Law Offices, Bismarck, for plaintiff and appellant.

Gary A. Thune (argued), of Pearce & Durick, Bismarck, for defendant and appellee.

MARING, Justice.

The Ashley Education Association (AEA) appealed from a district court judgment dismissing its action to enjoin the Ashley Public School District No. 9 (Ashley) from issuing extracurricular contracts during contract negotiations. We hold this appeal is moot, and we dismiss.

During March 1996 the Ashley School Board and AEA, as the exclusive bargaining agent for the district's certified teachers, began negotiations for the 1996–97 school year. Negotiators met on numerous occasions, and on July 19, 1996 the Ashley School Board declared an impasse and voted to issue extracurricular assignments for football, girls' basketball, and music. The AEA brought this action requesting the district court to issue a permanent injunction prohibiting Ashley from issuing extracurricular contracts during the negotiation process. After a hearing, the district court dismissed the action, on its merits, and AEA appealed.

Upon questioning during oral argument, counsel for the parties revealed that negotiations have concluded and contracts

have been issued by Ashley for the 1996–97 school year.[1] The parties concede no actual controversy remains in this case. However, both AEA and Ashley urge us to resolve the issues raised on appeal, claiming this is an important case and the conflict could reoccur if, in the future, Ashley issues extracurricular assignments during negotiations with its teachers.

Our law is well settled that courts cannot give advisory opinions and that an appeal will be dismissed if the issues become moot or academic so no actual controversy is left to be determined. *Gosbee v. Bendish*, 512 N.W.2d 450, 452 (N.D.1994). An appeal is moot when, due to the lapse of time or the occurrence of an event prior to the appellate court's determination, the appellate court is unable to render effective relief. *Backes v. Byron*, 443 N.W.2d 621, 623 (N.D.1989). This court will determine a moot issue, rather than dismiss the appeal, only if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review. *Bolinske v. N.D. State Fair Ass'n*, 522 N.W.2d 426, 430 (N.D. 1994), *cert. denied*, — U.S. —, 115 S.Ct. 1315, 131 L.Ed.2d 197 (1995).

The parties argue the issue raised is of great public interest. We reiterated a definition of "public interest" in *Forum Pub. Co. v. City of Fargo*, 391 N.W.2d 169, 170 (N.D.1986):

> " ' "We understand 'public interest' to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question." ' "

We are asked to decide whether Ashley can make new extracurricular assignments to teachers during the negotiation process. Generally, unless significantly intertwined with curricular duties, an extracurricular as-

signment is not subject to the statutory non-renewal or continuing contract provisions. *Coles v. Glenburn Public School Dist. No. 26*, 436 N.W.2d 262, 264 (N.D.1989). Consequently, this dispute does not directly involve the continuing contract rights of teachers. Nor is our children's right to an education at stake here. We conclude this case does not involve such an important state governmental interest as to justify our consideration of a moot issue.

Furthermore, we do not believe this dispute involves issues which are likely to be repeated without a meaningful opportunity for judicial review. In *Bolinske v. N.D. State Fair Ass'n*, 522 N.W.2d at 430, we concluded the annual state fair is of such short duration that an individual's attempt to circulate initiative petitions at the fair, free from the alleged interference of the Fair Association's regulations, could forever escape judicial review, because the fair would likely terminate each year before the courts could consider the issue. This case is clearly distinguishable. It does not involve the same time factor problems. This case, similar to the circumstances in *Rolette Educ. Ass'n v. Rolette Public School Dist. No. 29*, 427 N.W.2d 812, 814 (N.D.1988), became moot not because of time alone, but rather because the parties reached agreement, thereby ending the controversy.

We conclude this appeal is moot, the case is not of such important public interest to justify our consideration of a moot issue, and the conflict is not likely to be repeated without adequate opportunity for judicial review. Consequently, the appeal is dismissed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

---

1. The Rules of Professional Conduct require candor by lawyers presenting cases to the court. NDRPC 3.3. In keeping with the spirit of these rules, the attorneys should have immediately informed the court of the settlement and its effect on the issue of mootness resulting from it.