2000 ND 174

## In the Interest of E.T.

**Patrick B. Goodman, M.D., Petitioner and Appellee,**

v.

**E.T., Respondent and Appellant.**

No. 20000248.

Supreme Court of North Dakota.

Oct. 3, 2000.

Gregory I. Runge, Bismarck, for respondent and appellant.

Brian D. Grosinger, Assistant State's Attorney, Mandan, for petitioner and appellee.

MARING, Justice.

[¶ 1] E.T. appeals an involuntary medication order, authorizing hospital physicians to treat E.T. with a feeding tube for the purpose of providing her with nourishment. We conclude this appeal is moot and dismiss.

[¶ 2] On August 4, 2000, a petition was filed for the involuntary commitment of E.T. due to her alleged mental illness. On August 8, 2000, the trial court ordered E.T. hospitalized and treated. On August 10, 2000, the State filed a motion for an order to treat E.T. with medication. Following a hearing on the matter, the trial court issued its order permitting involuntary treatment with medication on August 14, 2000. Neither of these two orders are the subject of this appeal.

[¶ 3] On August 28, 2000, the State filed a second motion for an order to treat E.T. with medication. The motion was made under N.D.C.C. § 25–03.1–18.1.[1] The re-

---

1. North Dakota Century Code § 25–03.1– 18.1(1)(a), requires "the treating psychiatrist

quest was to involuntarily tube feed E.T. with a nutritional supplement, known as Jevity Plus. Upon conclusion of the evidence at the hearing on August 31, 2000, the trial court granted the State's motion for involuntary medication.

[¶ 4] On September 11, 2000, the State filed a motion with this Court to dismiss the case. In its motion, the State indicated that E.T. had been released from the hospital and that due to recent improvements in E.T.'s health, a feeding tube was no longer necessary. E.T. filed a response to the State's motion to dismiss, arguing the case should not be dismissed because the issue presented "is capable of repetition, yet evading review."

[¶ 5] We have long held that this Court will not render advisory opinions. *See Nord v. Herrman,* 1998 ND 91, ¶ 12, 577 N.W.2d 782. An appeal will be dismissed if the issues become moot or academic such that no actual controversy is left to be determined. *See Ashley Education Ass'n v. Ashley Public School District,* 556 N.W.2d 666, 668 (N.D.1996). The principle purpose behind the prohibition of advisory opinions is that "there must be an 'actual controversy to be determined' before a court can properly adjudicate." *Bies v. Obregon,* 1997 ND 18, ¶ 9, 558 N.W.2d 855 (citation omitted). An actual controversy no longer exists when the issue has been rendered moot by a lapse of time, or the occurrence of related events which make it impossible for a court to grant effective relief. *See Nord,* 1998 ND 91, ¶ 12, 577 N.W.2d 782. However, issues characterized as moot will nonetheless be heard by this Court if the controversy is capable of repetition, yet evading review, or if the controversy is one of great public interest and involves the power and authority of public officials. *Id.*

[¶ 6] The issue E.T. has raised on appeal is moot. As indicated by the State and conceded by E.T.'s counsel at oral argument, E.T. has been released from the hospital and is no longer being fed by a feeding tube. Therefore, this Court is unable to provide any meaningful relief by deciding whether or not the involuntary medication order was appropriate under N.D.C.C. § 25–03.1–18.1.

[¶ 7] Although the issue presented is one which is capable of repetition, it can be reviewed at such time. We have stated that the fact that a issue may arise in the future "does not empower us to render a purely advisory opinion." *Gosbee v. Bendish,* 512 N.W.2d 450, 454 (N.D.1994). Furthermore, the issue presented here is not one to be likely repeated without a meaningful opportunity for judicial review. *See Ashley Education Ass'n,* 556 N.W.2d at 668. If the trial court subjects E.T. to involuntary medication in the future, she will not be prevented from appealing such an order.

[¶ 8] E.T. never argued that the issue presented was of great public interest. We have stated that "public interest" means

> "'More than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.'"

and another licensed physician or psychiatrist not involved in the current diagnosis or treatment of the patient" to certify:

(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and there is a reasonable expectation that if the person is not treated as proposed there exists a serious risk of harm to that person, other persons, or property;

(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;
(3) That the prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and
(4) That the benefits of the treatment outweigh the known risks to the patient.

*Gosbee,* 512 N.W.2d at 453 (citations omitted). Certainly the appropriate treatment for mentally ill persons is of great public concern. *See State v. Nording,* 485 N.W.2d 781, 786 (N.D.1992) (stating the purpose of N.D.C.C. ch. 25–03.1, is to ensure that mentally ill persons, who present a serious risk of harm to themselves or others, obtain appropriate treatment and at the same time to protect their due process rights). However, at oral argument counsel for E.T. acknowledged the State could have obtained the same result by use of a different statute. Thus, because the State could have arguably obtained the same order under an alternative statute, we find no compelling reason to determine whether it could have done so under N.D.C.C. § 25–03.1–18.1.

[¶ 9] We conclude this appeal has been rendered moot, and the issue is not likely to be repeated without adequate opportunity for judicial review. Furthermore, the issue is not of such important public interest to justify our consideration of a moot issue. Accordingly, the appeal is dismissed.

[¶ 10] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, JJ., concur.