2001 ND 182

James Joseph DeCOTEAU, Plaintiff and Appellant

v.

NODAK MUTUAL INSURANCE COMPANY, Defendant and Appellee.

No. 20010066.

Supreme Court of North Dakota.

Dec. 5, 2001.

Jeffrey J. Lowe (argued), Simon, Lowe & Passanante, LLC, St. Louis, MO, H. Patrick Weir, Jr. (appeared), Lee Hagen Law Office, Ltd., Fargo, Joseph P. Danis and John J. Carey, Carey & Danis, LLC, St. Louis, MO, for plaintiff and appellant.

Richard N. Jeffries (argued), and Aaron J. Dorrheim, Jeffries, Olson & Flom, PA, Moorhead, MN, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] James Joseph DeCoteau appealed from a summary judgment[1] awarding him $25,000 in his action against Nodak Mutual Insurance Company for underinsured motorist coverage. DeCoteau argues we should affirm the judgment, but remand the case and order the trial court to allow him discovery so he can obtain evidence to support a motion to certify a class action against Nodak. Under the circumstances, we conclude the case is moot, and we dismiss the appeal.

I

[¶ 2] On October 6, 1994, DeCoteau was injured in an automobile accident. After receiving $25,000 from the other driver's automobile insurance company, DeCoteau claimed he sustained damages in the

1. Although DeCoteau actually appealed from the order for judgment, we treat this as an appeal from the subsequently entered consis-tent judgment. *See Larson v. Norkot Mfg., Inc.*, 2001 ND 103, ¶ 1 n. 1, 627 N.W.2d 386.

accident in excess of $25,000 and sought underinsured motorist coverage under his insurance policy with Nodak. Nodak denied DeCoteau's claim.

[¶ 3] In May 1998, DeCoteau sued Nodak for breach of contract in allegedly providing him illusory underinsured motorist coverage. He also claimed Nodak was liable under theories of breach of the duty of good faith and fair dealing, misrepresentation and omission, unjust enrichment, and promissory estoppel. DeCoteau's complaint alleged he was suing on behalf of himself and as class representative for all individuals who had purchased the minimum statutory required amount of underinsured motorist coverage from Nodak since 1992 and had been denied proceeds under their policies. Nodak moved for summary judgment, and DeCoteau moved under N.D.R.Civ.P. 56(f) for a stay pending further discovery on his individual claim and on class action issues. The trial court denied DeCoteau's motion for a stay and granted Nodak's motion for summary judgment, ruling a 1994 version of Nodak's policy was not illusory because it provided coverage under narrow circumstances, and a 1992 version of Nodak's policy did not raise issues about illusory coverage because the 1992 version provided broader coverage than the 1994 version. DeCoteau appealed, and in *DeCoteau v. Nodak Mut. Ins. Co.,* 2000 ND 3, ¶ 20, 603 N.W.2d 906, this Court ruled, "[b]ecause we conclude DeCoteau may be entitled to underinsured proceeds under the 1992 version of the policy, but not under the 1994 version, we conclude there is a material factual dispute about which version applies to DeCoteau's claim, and we reverse the summary judgment and remand for a determination of which policy was in effect when the accident occurred."

[¶ 4] In November 2000, ten months after our remand, DeCoteau served interrogatories on Nodak and requested production of documents. DeCoteau asked Nodak to provide a list of all people who had purchased an automobile insurance policy with underinsured motorist coverage of $25,000 per person and $50,000 per occurrence and which contained the same definition of an underinsured motor vehicle as contained in DeCoteau's 1992 policy. He also sought documents or a computer database identifying similarly situated persons and a list of all persons who had filed underinsured motorist claims that were denied. Before responding to the discovery requests, Nodak filed an offer of settlement under N.D.R.Civ.P. 68, agreeing to settle DeCoteau's individual claim and allow judgment to be entered against it for the $25,000 policy limit on the insurance policy plus costs accrued at the time of the offer. DeCoteau did not accept the offer.

[¶ 5] On December 8, 2000, Nodak objected to DeCoteau's discovery request, claiming it was overly broad, unduly burdensome, oppressive, harassing, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nodak also claimed the information sought was proprietary and confidential, and argued DeCoteau's lawsuit was not a class action. Nodak simultaneously moved for summary judgment declaring it was liable to DeCoteau for $25,000. Nodak argued, because it was undisputed the 1992 policy applied and the maximum policy limit of $25,000 had been offered to DeCoteau, Nodak was entitled to summary judgment against itself as a matter of law. DeCoteau requested the trial court enter judgment on his individual claim for $25,000, but opposed "entry of final judgment which would allow defendants to defeat the class claims brought by plaintiff because this would circumvent the class action rules and allow a defendant to defeat a class action merely by offering the UIM limits of $25,000."

[¶ 6] The trial court granted the summary judgment motion, awarding DeCoteau $25,000 and awarding Nodak $55.50 for its allowable costs and disbursements. Neither the order nor the judgment mentions the class action allegations of DeCoteau's complaint, and at no time did DeCoteau either move to compel discovery or to certify the class action.

[¶ 7] After judgment was entered, the parties tendered checks to each other for the amounts ordered by the judgment and executed a mutual satisfaction of judgment. The mutual satisfaction of judgment stated the amounts the parties paid to each other were in "full satisfaction" of the judgment, and authorized the clerk of court "to enter satisfaction of record of said judgment." The mutual satisfaction of judgment was entered on February 2, 2001. DeCoteau appealed, and Nodak moved to dismiss the appeal.

[¶ 8] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. DeCoteau's appeal was timely under N.D.R.App.P. 4(a). This Court has probable jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] Nodak argues the appeal should be dismissed either because it is moot, or because DeCoteau waived the right to appeal by his execution and the entry of the parties' mutual satisfaction of judgment.

[¶ 10] We will dismiss an appeal if the issues become moot or academic and no actual controversy is left to be determined. *See Ashley Educ. Ass'n v. Ashley Pub. Sch. Dist.,* 556 N.W.2d 666, 668 (N.D. 1996). An actual controversy no longer exists when the issue has been rendered moot by a lapse of time, or the occurrence of related events which make it impossible for a court to grant effective relief. *See In re E.T.,* 2000 ND 174, ¶ 5, 617 N.W.2d 470. Ordinarily, the parties' mutual satisfaction of judgment, in which DeCoteau received all that he sought from Nodak with regard to the merits of his individual claim,[2] would moot this case. "Because a satisfaction of judgment extinguishes the claim, the controversy is deemed ended, leaving the appellate court with nothing to review." *Lyon v. Ford Motor Co.,* 2000 ND 12, ¶ 10, 604 N.W.2d 453. *See also* N.D.C.C. § 28–05–10. However, special mootness rules apply to class actions, where the named plaintiff purports to represent more than his own interest.

[¶ 11] Rule 23, N.D.R.Civ.P., is similar although not identical to Rule 23, F.R.Civ.P. Three major United States Supreme Court decisions construing the federal class action rule set the backdrop for our analysis. The Supreme Court held in *Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (footnote omitted), that the mootness of the named plaintiff's individual claim after a class had been duly certified did not render the action moot, because "the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by" the named plaintiff. In *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the Supreme Court further ruled a trial court's denial of a motion for

---

**2.** This factor distinguishes the present case from our decision in *Twogood v. Wentz,* 2001 ND 167, ¶ 8, 634 N.W.2d 514, where we held "payment and satisfaction of a cost judgment does not bar a proceeding to reverse a summary judgment on the merits" because the costs assessed "did not go to the merits of the case." Here, DeCoteau satisfied the cost judgment but seeks to have us affirm the judgment on his individual claim on its merits.

certification of a class may be reviewed on appeal when the named plaintiff's personal claim becomes moot after the certification ruling because the "proposed representative retains a 'personal stake' in obtaining class certification" in addition to the individual claim on the merits.

[¶ 12] The third case, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), is relied upon heavily by DeCoteau in arguing this case is not moot. In *Roper*, credit card holders brought a class action challenging finance charges on their cards and those of similarly situated cardholders. After the district court denied the plaintiffs' motion for class certification, the bank tendered to each named plaintiff the maximum amount that plaintiff could have recovered. The named plaintiffs refused the offer, but made a counteroffer of judgment in which they attempted to reserve the right to appeal the adverse certification ruling. The bank did not accept the counteroffer and the district court, over the plaintiffs' objections, entered judgment in their favor and dismissed the action as moot. The bank deposited the amount tendered with the court, and the named plaintiffs appealed the certification ruling.

[¶ 13] The Supreme Court ruled the case was not moot and the plaintiffs could appeal the adverse certification ruling. The Court reasoned the plaintiffs retained a stake in the appeal because, even after full tender of their individual damages, the plaintiffs still had a "desire to shift to successful class litigants a portion of those fees and expenses that have been incurred in this litigation and for which they assert a continuing obligation." *Roper*, 445 U.S. at 334 n. 6, 100 S.Ct. 1166. The Court said:

> To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to

sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.

*Id.* at 339, 100 S.Ct. 1166. However, the Court explicitly confined the holding of the case to its factual context: "At no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent and the case was dismissed over their continued objections." *Id.* at 332, 100 S.Ct. 1166 (footnote omitted). *See also id.* at 337, 100 S.Ct. 1166 (noting "[r]espondents have never accepted the tender or judgment as satisfaction of the substantive claims").

[¶ 14] DeCoteau argues his case is not moot because Nodak, by making the unusual motion for summary judgment against itself, has attempted to do exactly what the defendant bank attempted to accomplish in *Roper*. However, there are two crucial factors that distinguish this case from *Roper*. First, unlike the named plaintiffs in *Roper*, who never accepted the tender or judgment as satisfaction of their substantive claims, DeCoteau accepted the $25,000 from Nodak and executed and filed with the clerk of court a mutual satisfaction of the judgment without reserving any right to appeal class action issues. Courts have held that a named plaintiff's voluntary settlement or unqualified release of

claims relinquishes not only the plaintiff's interest in his individual claims but also his interest in class certification, thus mooting the plaintiff's appeal from an adverse certification ruling. *See, e.g., Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir.1999); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 979–80 n. 25 (3rd Cir.1992); *Shores v. Sklar*, 885 F.2d 760, 763–64 (11th Cir.1989); *Walding v. Blue Cross and Blue Shield*, 577 So.2d 853, 855–56 (Ala.1991).

[¶ 15] Even if we refuse to equate the mutual satisfaction of judgment with a voluntary settlement or an unqualified release of claims, another factor that distinguishes this case from *Roper* is the absence of an adverse certification ruling from which DeCoteau can appeal. *See also Geraghty*, 445 U.S. at 404, 100 S.Ct. 1202 (class certification had been denied); *Sosna*, 419 U.S. at 399, 95 S.Ct. 553 (class had been certified). Indeed, DeCoteau has never moved to certify a class since commencing this action in May 1998. When a named plaintiff's individual claim becomes moot before a class has been properly certified or certification has been denied, courts generally hold dismissal of the action is required. *See, e.g., Indianapolis Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129–30, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam); *Sze v. I.N.S.*, 153 F.3d 1005, 1009 (9th Cir.1998); *Egan v. Davis*, 118 F.3d 1148, 1150 (7th Cir.1997); *Brunet v. City of Columbus*, 1 F.3d 390, 399–400 (6th Cir.1993); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1086 (7th Cir.1992); *Jones v. Sullivan*, 938 F.2d 801, 805 (7th Cir.1991); *Magnuson v. City of Hickory Hills*, 933 F.2d 562, 565 (7th Cir.1991); *Rocky v. King*, 900 F.2d 864, 869 (5th Cir.1990). When a named plaintiff whose individual claim becomes moot has not even moved for class certification prior to evaporation of his personal stake in the lawsuit, courts uniformly hold the plaintiff may not avail himself of the class action exception to the mootness doctrine. *See, e.g., Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir.1994); *Ahmed v. University of Toledo*, 822 F.2d 26, 27–28 (6th Cir.1987); *Trotter v. Klincar*, 748 F.2d 1177, 1183–85 (7th Cir.1984). Although DeCoteau argues he was unable to file a motion for class certification because of Nodak's refusal to provide discovery on class issues, DeCoteau never asked the trial court to compel discovery. It is too late for DeCoteau to argue on appeal that Nodak frustrated his discovery efforts when the trial court was not presented with an opportunity to rule on a motion to compel. *See Trotter*, 748 F.2d at 1184. *See also S & S Landscaping Co. v. North Dakota Workers' Comp. Bureau*, 541 N.W.2d 80, 83 (N.D.1995) (refusing to consider appellant's argument that Bureau was slow in delivering discovery information when issue was not raised in the administrative proceedings).

[¶ 16] We conclude the class action exception to the mootness doctrine does not apply in this case. Issues characterized as moot may nonetheless be decided by this Court if the controversy is capable of repetition, yet evading review, or if the controversy is one of great public interest and involves the power and authority of public officials. *See Nord v. Herrman*, 1998 ND 91, ¶ 12, 577 N.W.2d 782. Neither exception applies in this case.

[¶ 17] A judgment that is paid and satisfied of record ceases to have any existence and leaves this Court with nothing to review. *See Lyon*, 2000 ND 12, ¶ 10, 604 N.W.2d 453. We conclude this case is moot.

### III

[¶ 18] The appeal is dismissed.

[¶ 19]   VANDE WALLE, C.J., and NEUMANN, MARING, and KAPSNER, JJ., concur.