2003 ND 85

**Jody L. FERCHO, f/k/a Jody L. Remmick, Plaintiff and Appellant,**

v.

**Thomas L. REMMICK, Defendant and Appellee.**

**No. 20020286.**

Supreme Court of North Dakota.

June 3, 2003.

Douglas A. Bahr (argued), Solicitor General, Attorney General's Office, Bismarck, ND, and Mark S. Douglas (appeared), Child Support Enforcement Unit, Jamestown, ND, for plaintiff and appellant.

Thomas L. Remmick, pro se, Jamestown, ND. No appearance.

VANDE WALLE, Chief Justice.

[¶ 1] Jody Fercho appealed an August 2002 district court order which required the South Central Child Support Enforcement Unit ("Unit") to conduct a review of Thomas Remmick's child support obligation. Because we hold this appeal is moot, we dismiss.[1]

## I

[¶ 2] When Fercho and Remmick divorced in 1992, the initial district court judgment established Remmick would pay $50 per month for child support for the parties' two children. An amended judgment entered in December 1998 increased Remmick's child support obligation to $300 per month, and a Second Amended Judgment entered in April 2002 modified his obligation to $200 per month. A hearing on an order requiring Remmick to show cause why he should not be held in contempt was also held in April 2002, and the court ordered him to begin making monthly arrearage payments. The order also contained provisions concerning income withholding procedures and instructions to notify the court if Remmick received a Social Security Disability Insurance benefits check. The district court indicated it would review the order in June 2002.

[¶ 3] In August 2002, a hearing was held, apparently to review the April order. Remmick was current on his child support and arrearage payments at the time of the August hearing. Remmick testified his income had increased from $767 to $1187 because he was now receiving additional Veteran's Administration benefits for his children. At the hearing, the district court concluded a review of the child support amount was necessary to verify the new information and to ensure the support amount was "fair," considering Remmick's increased income.

[¶ 4] Under N.D.C.C. § 14–09–08.4(1), a child support agency must review a child support order "no less frequently than thirty-six months after the establishment of the order or the most recent amendment or review of the order by the court or child support agency," with certain statutory exceptions. The Unit requested a written order if the court was requiring the Unit to conduct a review, stating "if we are being asked to do a review then the

---

1. Because of our disposition of this case we do not consider whether or not the order was appealable.

Unit would enter an objection because the review would be done at less than 35 months from the April 2002 modification." The court subsequently ordered the Unit to conduct a review of Remmick's child support obligation because of a change in circumstances resulting from his increased income. The Unit moved the court to reconsider the order, and prior to a ruling on the motion, filed a notice of appeal.

[¶ 5] Attorneys from the Office of the Attorney General and the Unit ("State") represent Fercho in this appeal under N.D.C.C. § 14–09–09.26 which specifies the State is a real party in interest in certain child support matters. The State contends the district court order to conduct an early child support review violated the principle of separation of powers in our system of government by encroaching on an executive agency's discretion and by encroaching on the legislature's power to determine legislative policy. *See* N.D. Const. art. XI, § 26; *State v. Hanson,* 558 N.W.2d 611, 614 (N.D.1996). Remmick did not file an appellee's brief.

[¶ 6] In February 2003, this Court granted Remmick's motion for remand to allow the district court to consider his motion for modification of child support. Remmick's children had started to receive $580 per month for social security dependent disability benefits. The Third Amended Judgment entered in March 2003 established a $520 monthly child support obligation, and because the dependent benefits exceeded this amount, Remmick was not required to contribute additional money. The judgment also eliminated Remmick's arrearages because he had received a lump sum payment for past social security children's benefits. The Unit never conducted the court-ordered child support review, which is the subject of this appeal.

II

[¶ 7] Before reaching the merits of an appeal, we consider the threshold issue of mootness. *Simpson v. Chicago Pneumatic Tool Co.,* 2003 ND 31, ¶ 7, 657 N.W.2d 261 (citing *Bland v. Comm'n on Med. Competency,* 557 N.W.2d 379, 381 (N.D.1996)). This Court does not render advisory opinions, and we will dismiss an appeal if the issues become moot or academic so no actual controversy is left to be determined. *Ashley Educ. Ass'n v. Ashley Pub. Sch. Dist.,* 556 N.W.2d 666, 668 (N.D. 1996). An appeal is moot when an appellate court is unable to render effective relief because of the lapse of time or because of the occurrence of an event prior to the appellate court's determination. *Id.* Under N.D.R.App.P. 42, when a change of circumstances may render an issue on appeal moot, a party has a duty to notify this Court, in writing, and explain why the appeal should or should not be dismissed.

[¶ 8] The mootness issue in this case arises from an event which occurred after the district court's decision, but prior to oral argument. *See, e.g., DeCoteau v. Nodak Mut. Ins. Co.,* 2001 ND 182, ¶ 17, 636 N.W.2d 432 (dismissing an appeal because satisfaction of judgment rendered appeal moot); *In Interest of E.T.,* 2000 ND 174, ¶ 6, 617 N.W.2d 470 (dismissing an appeal of involuntary medication order as moot because patient had been released from hospital and involuntary feeding was stopped). Here, the Unit stated it had no objection to Remmick's motion to modify child support, and the Third Amended Judgment modified Remmick's child support obligation to reflect his present financial status. The Unit had not conducted the court-ordered child support review prior to remand, and the Third Amended Judgment relieved the Unit of its obligation to conduct the review. Therefore,

we conclude no "actual controversy" exists, and this appeal is moot.

[¶ 9] Nevertheless, this Court will determine an issue that is moot, rather than dismiss the appeal, "if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review." *Sposato v. Sposato*, 1997 ND 207, ¶ 9, 570 N.W.2d 212 (quoting *Ashley Educ. Ass'n*, 556 N.W.2d at 668). In previous cases, we have used the following definition of "public interest":

> We understand "public interest" to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.

*Ashley Educ. Ass'n*, at 668 (quoting *Forum Pub. Co. v. City of Fargo*, 391 N.W.2d 169, 170 (N.D.1986)).

[¶ 10] For example, we concluded a prosecutor's power to charge an individual with the same crime after dismissing a prior complaint for lack of probable cause was an issue of significant public interest with statewide importance because it affected the scope of a prosecutor's authority and the legal rights of citizens. *Walker v. Schneider*, 477 N.W.2d 167, 170 (N.D. 1991). We also determined a party's claim involving millions of dollars of state aid to local school districts which asserted a statute unconstitutionally delegated legislative power and challenged state officials' authority to impinge on the legislative assembly's appropriation power was a matter of great public concern. *North Dakota Council of Sch. Adm'rs v. Sinner*, 458 N.W.2d 280, 283 (N.D.1990).

[¶ 11] The State has also raised significant public interests by asserting a violation of the principle of separation of powers and judicial encroachment on the other branches of government. However, the community at large is not affected by the district court's order, nor does it implicate citizens' rights. In *Sposato v. Sposato*, this Court dismissed as moot a custodial parent's appeal of an order granting grandparent visitation for a specific time because the specified time period had expired. *Sposato*, 1997 ND 207, ¶ 10, 570 N.W.2d 212. We stated "[w]hile grandparent visitation rights in general are of public interest and may even raise constitutional issues of parental rights, this particular order has no statewide implications." *Id.* at ¶ 9. After reviewing the record on appeal in this case, we conclude the district court ordered the child support review to evaluate a specific situation, given the unique circumstances of the parties and the procedural history of the case. Thus, although general child support issues are matters of public interest, this particular order did not affect the "public interest" in the manner contemplated by our prior case law, nor do we believe the separation-of-powers argument inherent in the specific facts of this case rises to that level.

[¶ 12] Although a court-ordered child support review could occur again, we will not render a purely advisory opinion merely because the issue may arise in the future. *See In Interest of E.T.*, 2000 ND 174, ¶ 7, 617 N.W.2d 470; *Gosbee v. Bendish*, 512 N.W.2d 450, 454 (N.D.1994). The State's brief projects the potential monetary costs of court-ordered child support reviews, if North Dakota district court judges ordered such reviews on a regular basis. However, these projections are speculative as nothing in the record indicates such repetitive occurrences do, in fact, occur. We do not perceive this to be an issue which inherently evades review. *Cf.*

*Bolinske v. N.D. State Fair Ass'n,* 522 N.W.2d 426, 430 (N.D.1994) (concluding the restriction of an individual's ability to circulate petitions at the annual state fair was an issue capable of repetition without opportunity for review because the fair is an annual, short-term event); *Collins v. Collins,* 495 N.W.2d 293, 296 (N.D.1993) (concluding an appeal regarding interstate income withholding to enforce child support judgments involves issues capable of repetition which would otherwise evade review when an obligor quits his or her job or leaves the state to evade income withholding). While we recognize the potential for the issue presented here to reoccur, the State has not brought the matter before us in a manner which can be properly determined by this Court.

### III

[¶ 13] We conclude this appeal is moot and does not involve an issue of great public interest or a matter capable of repetition, yet evading review. Accordingly, we dismiss.

[¶ 14] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.