673 N.W.2d 264 (2004)
2004 ND 8
In the Interest of W.O.
Prairie at St. John's, Petitioner and Appellee.
v.
W.D.O., Respondent and Appellant.
No. 20030358.
Supreme Court of North Dakota.
January 14, 2004.
*265 Robin Huseby, State's Attorney, Valley City, N.D., for petitioner and appellee.
Timothy P. Hill, Hill Law Office, Fargo, N.D., for respondent and appellant.
KAPSNER, Justice.
[¶ 1] W.O. appeals from a district court order dated December 4, 2003, revoking an Order for Less Restrictive Treatment and requiring W.O. to be hospitalized for the remainder of his treatment period. We dismiss the appeal as moot.

I.
[¶ 2] On October 21, 2003, W.O. was involuntarily committed to psychiatric facilities at Prairie at St. John's in Fargo, North Dakota. On November 18, 2003, the district court issued an Order for Less Restrictive Treatment allowing W.O. to receive care in Jamestown and continue partial hospitalization at Prairie at St. John's. On December 2, 2003, the district court amended the November 18, 2003, order based on a stipulation between the parties. The amended order allowed W.O. to return to his home in Valley City and receive care in Fargo on Mondays, Wednesdays, and Fridays. On Tuesdays and Thursdays, W.O. was to report to treatment programs available in Jamestown or Valley City.
[¶ 3] On November 28, 2003, a Valley City resident notified the Barnes County Sheriff that W.O. was driving erratically between the trees in the caller's shelter belt. Sergeant Mark Peterson and Sheriff McClaflin went to investigate. At their arrival, W.O. pulled his vehicle beside the officers' vehicle. Peterson asked W.O. to step out of his vehicle. Peterson reported W.O. appeared intoxicated because his speech was slurred. W.O. told Peterson he had been drinking and should not have been driving, and he was relieved when the officers arrived at the scene. Officer Peterson asked W.O. if he had been taking his medication and W.O. replied, "no."
*266 [¶ 4] Officer Peterson attempted to perform field sobriety tests on W.O., but W.O. was unable to complete the tests, claiming he could not recite the alphabet nor could he count backwards. The officer did not detect the smell of alcohol on W.O.'s breath, although W.O. stated that Chardonnay "comes out of the sky" and he just "sucks it in." The officer performed a breath test, which registered a blood alcohol content of .002%. The officer transported W.O. to the Law Enforcement Center, drafted an emergency petition to commit W.O., and then transported him to Prairie at St. John's.
[¶ 5] While traveling to Prairie at St. John's, W.O. told Officer Peterson that the technology in his new vehicle was so good that he could drive through other vehicles without getting hurt. The officer asked W.O. if he meant the vehicle had sensors on it so that the driver did not run into objects. W.O. responded by telling the officer that he could drive through an oncoming Greyhound bus without getting hurt. W.O. also told the officer he could drive off the road at highway speeds and the car would not roll over.
[¶ 6] W.O. was examined by staff at Prairie at St. John's when he was admitted. The examiner's report included accounts that W.O. had been in Pamida with his dog and that he was "raising `Cain.'" The report also stated W.O. was driving around Valley City sometime in November with the top down on his convertible and a dead deer in the back seat. The report also stated W.O. violated a restraining order numerous times because he believed the order had been dropped.
[¶ 7] On November 29, 2003, Dr. Edward Kelly examined W.O. and found that he was not yet sufficiently mentally stable to care for himself. On the same day, Susan Rau, a licensed social worker, petitioned the district court for involuntary commitment.
[¶ 8] On December 4, 2003, the district court heard evidence and found W.O. did not comply with the Order for Less Restrictive Treatment. The district court ordered the Less Restrictive Treatment Order terminated and W.O. hospitalized for the remainder of his 90-day treatment to end on January 18, 2004.
[¶ 9] On December 9, 2003, W.O. filed this appeal. W.O. argues the district court improperly revoked the Order for Less Restrictive Treatment because the evidence did not establish W.O. was not complying with the treatment order or that the treatment order was insufficient to prevent injury to W.O. or others. On December 17, 2003, the district court issued an Amended Order for Less Restrictive Treatment. The amended order was identical to the order dated December 2, 2003, allowing W.O. to attend day treatment at Prairie at St. John's on Mondays, Wednesdays, and Fridays and to attend alternative programs in Jamestown on Tuesdays and Thursdays.

II.
[¶ 10] "Before reaching the merits of an appeal, we consider the threshold issue of mootness." Fercho v. Remmick, 2003 ND 85, ¶ 7, 662 N.W.2d 259 (citing Simpson v. Chicago Pneumatic Tool Co., 2003 ND 31, ¶ 7, 657 N.W.2d 261). This Court does not render advisory opinions, and will dismiss appeals if the issue becomes moot. Sposato v. Sposato, 1997 ND 207, ¶ 8, 570 N.W.2d 212. There must be an actual controversy before this Court in order for it to properly adjudicate. Id. (citing Bies v. Obregon, 1997 ND 18, ¶ 9, 558 N.W.2d 855). If certain events have occurred which makes it impossible for the Court to issue relief, or when the lapse of time has made the issue moot, *267 then no actual controversy exists. Sposato, at ¶ 8. Under N.D.R.App.P. 42, a party has a duty to notify the Court when an issue may be moot due to a change in circumstance and explain why the appeal should or should not be dismissed.
[¶ 11] "This Court will determine a moot issue, rather than dismiss the appeal, only if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review." Sposato, at ¶ 9 (quoting Ashley Educ. Ass'n v. Ashley Pub. Sch. Dist., 556 N.W.2d 666, 668 (N.D.1996)). W.O. argues this case is capable of repetition; therefore, this Court should issue an opinion on the issues.
[¶ 12] Mootness in this case arises from an event which took place after the district court's revocation of the Order for Less Restrictive Treatment, but before oral argument on appeal. This is an appeal from a revocation of an Order for Less Restrictive Treatment. A later Order for Less Restrictive Treatment was issued by the district court on December 17, 2003, which was in substance the same as the order issued on December 2, 2003. W.O. is not contesting the content of the Order for Less Restrictive Treatment issued by the district court on either date; he argues the Order revoking the Less Restrictive Treatment was improper.
[¶ 13] In oral arguments, W.O. conceded the Amended Order issued December 17, 2003, was identical to the one issued December 2, 2003. The conditions imposed on W.O. by the December 17, 2003, order, including its termination date, were the same as those imposed by the previous order, which W.O. does not contest. W.O. is now in a program of less restrictive treatment and is no longer confined to the psychiatric facility at Prairie at St. John's. Therefore, this Court is unable to provide any meaningful relief by deciding whether there was sufficient evidence that W.O. had violated the initial Order for Less Restrictive Treatment, or whether W.O. posed a threat to himself or others necessary for the revocation of the first Order for Less Restrictive Treatment. The facts of this case are unique to W.O. and only applicable to the circumstances existing at the time an order is issued governing his treatment. If the district court revokes the current order, W.O. is not prevented from appealing that decision.
[¶ 14] Because W.O. is now subject to an order identical to one he concededly does not contest, we conclude no actual controversy exists and this appeal is moot.
[¶ 15] The appeal is dismissed.
[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.