749 N.W.2d 517 (2008)
2008 ND 100
In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF D.M.O.
E.O., Petitioner and Appellant
v.
M.O. and J.O., Guardians, Respondents and Appellees and
State Bank and Trust, Conservator, and E.O., as personal representative of the Estate of D.M.O., deceased.
No. 20060280.
Supreme Court of North Dakota.
Decided May 23, 2008.
*518 Monty Grant Mertz, Fargo, N.D., for petitioner and appellant.
C. Nicholas Vogel (argued), Vogel Law Firm, Fargo, N.D. and Mark R. Hellerud (on brief), Ada, MN, for respondents and appellees.
CROTHERS, Justice.
[¶ 1] E.O. appeals from district court orders, which denied her petition to remove M.O. and J.O. as guardians for their mother, D.M.O., and to appoint herself as guardian, denied E.O.'s motion to require D.M.O.'s trustee to reconvey D.M.O.'s house to D.M.O.'s estate, and failed to award E.O. additional attorney's fees. We dismiss as moot all issues relating to D.M.O.'s guardianship and conservatorship and affirm the order denying E.O. additional attorney's fees.

I
[¶ 2] This appeal arises from proceedings on remand in In the Matter of Guardianship and Conservatorship of D.M.O., 2005 ND 158, 704 N.W.2d 554, which sets forth the relevant facts in this case.
[¶ 3] In July 2006, the district court held an evidentiary hearing on remand and thereafter ordered that M.O. and J.O. remain as co-guardians for their mother, D.M.O., but that State Bank and Trust of Fargo ("State Bank") replace M.O. and J.O. as their mother's conservators. The court also ordered the sale of D.M.O.'s house. The court further concluded E.O. should be reimbursed only for attorney's fees and costs incurred in her prior successful appeal to this Court, effectively denying her attorney's fees for proceedings subsequent to the appeal.
[¶ 4] In October 2006, E.O. appealed from the district court orders; however, D.M.O. died in December 2006 while her appeal was pending. In separate subsequent proceedings, E.O. was appointed personal representative of D.M.O.'s estate.

*519 II
[¶ 5] On appeal, E.O. argues that, despite D.M.O.'s death, the issues in this appeal are not moot, that the district court's findings of fact and conclusions of law are erroneous, and that D.M.O.'s house should be conveyed to E.O.
[¶ 6] Generally, this Court will dismiss an appeal when issues become moot or academic and there is no actual controversy left for our determination. See Donlin v. Donlin, 2007 ND 5, ¶ 19, 725 N.W.2d 905; Ramsey Fin. Corp. v. Haugland, 2006 ND 167, ¶ 8, 719 N.W.2d 346; DeCoteau v. Nodak Mut. Ins. Co., 2001 ND 182, ¶ 10, 636 N.W.2d 432. "An actual controversy no longer exists when the issue has been rendered moot by a lapse of time, or the occurrence of related events which make it impossible for a court to grant effective relief." Haugland, at ¶ 8. Thus, an appeal is rendered moot when, because of "the occurrence of an event prior to the appellate court's determination, the appellate court is unable to render effective relief." Ashley Educ. Ass'n v. Ashley Pub. Sch. Dist. No. 9, 556 N.W.2d 666, 668 (N.D.1996); see also Fercho v. Remmick, 2003 ND 85, ¶ 9, 662 N.W.2d 259.
[¶ 7] This Court, however, will decide an otherwise moot issue "if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review." Sposato v. Sposato, 1997 ND 207, ¶ 9, 570 N.W.2d 212. See also Ashley Educ. Ass'n, 556 N.W.2d at 668; Fercho, 2003 ND 85, ¶ 9, 662 N.W.2d 259.
[¶ 8] Here, E.O. concedes the main issues in this case involve D.M.O.'s guardianship and conservatorship, but she maintains these issues remain of public interest capable of repetition, yet evading review. E.O. asserts these issues include the status of the ward's homestead in light of federal and state medicaid laws and E.O.'s treatment as an adult caregiver throughout these proceedings. E.O. also asserts various misconduct and malfeasance by M.O. and J.O. during their time as D.M.O.'s conservator, in addition to assertions against State Bank acting as trustee for D.M.O.'s trust. Nonetheless, when the ward in a guardianship/conservatorship proceeding dies, the guardianship terminates and the ward's estate may be referred to probate. See N.D.C.C. § 30.1-28-06. M.O. and J.O. argue it makes no sense to continue with an appeal to decide whether E.O. might have been a better guardian for her mother, whether an accountant selected by E.O. might have been a better conservator than State Bank, or whether D.M.O. received the best possible care, because this Court cannot render effective relief with respect to who should be guardian or conservator.
[¶ 9] Based upon D.M.O.'s death in December 2006 while this appeal was pending, we conclude this Court cannot render effective relief with respect to the issues surrounding the guardianship and conservatorship. Further, we cannot say that any issues raised are capable of repetition, yet evading review.
[¶ 10] We note, however, E.O. has raised an issue about a paragraph in the district court's order, which E.O. argues could potentially exonerate State Bank from responsibility for its conduct in this case. E.O. asks this Court to vacate that paragraph, claiming the district court "stated in no uncertain terms that [E.O.] could sue State Bank and Trust for its malfeasance." On appeal, E.O. expressed concern that failure to challenge that paragraph could bind her in subsequent proceedings, presumably based upon res judicata or collateral estoppel principles. *520 Because this issue was not fully litigated below and because we dismiss the issues relating to the guardianship and conservatorship as moot, E.O. is not barred from challenging that paragraph in a separate proceeding if it arises. Likewise, we express no opinion with regard to the enforceability of that paragraph.
[¶ 11] We dismiss as moot E.O.'s appeal relating to issues about the guardianship and conservatorship, with the exception of the district court's determination about E.O.'s attorney's fees.

III
[¶ 12] E.O. argues the district court erred in failing to award her additional attorney's fees for the balance of this litigation. E.O. claims the district court "has implicitly and expressly approved the payment of all the attorneys fees for all of the other participants in this case from its inception."
[¶ 13] In its August 2006 decision, the district court ordered State Bank, as D.M.O.'s conservator, to pay E.O.'s reasonable attorney's fees and costs only for her prior appeal to this Court. The court also ordered State Bank as conservator to pay the reasonable attorney's fees and expenses of J.O. and M.O.'s attorney. Both of these awards were subject to the district court's approval of the attorneys' submissions. E.O. only appeals the district court's failure to award additional fees.
[¶ 14] Generally, this Court applies "the `American Rule,' [which] requires parties to bear their own attorney's fees." Matter of Estate of Murphy, 554 N.W.2d 432, 440-41 (N.D.1996) (quoting State Farm Mut. Auto. Ins. Co. v. Estate of Gabel, 539 N.W.2d 290, 294 (N.D.1995)). "A successful litigant is not entitled to attorney's fees unless [those fees] are expressly authorized by statute or by agreement of the parties." Gratech Co. v. Wold Eng'g, P.C., 2007 ND 46, ¶ 17, 729 N.W.2d 326. "This Court reviews a district court's decision regarding attorney's fees under the abuse of discretion standard." Id. at ¶ 18. "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law." Id.
[¶ 15] Here, in support of her assertion that the district court erred in failing to award her additional attorney's fees, E.O. relies on this Court's prior decision in Matter of Estate of Hass, 2002 ND 82, 643 N.W.2d 713. In Estate of Hass, this Court concluded in the context of a will contest case that, while "there [was] no statutory basis for an award of attorney['s] fees for legal services performed primarily for [a beneficiary's personal interest,]" the district court properly awarded attorney's fees as a matter of equity for legal services benefitting the estate as a whole, even where the litigation did not increase the estate's overall value. Id. at ¶¶ 21-23 (discussing Matter of Estate of Rohrich, 496 N.W.2d 566, 570 (N.D.1993)). "While the will contest litigation [in Estate of Hass] did not increase the overall value of the estate, it resulted in the determination of the proper course of administering the decedent's estate and in determining the proper distribution of the estate's assets among the heirs of the deceased." Estate of Hass, at ¶ 23.
[¶ 16] Although this Court has permitted the district court to award attorney's fees in equity to third parties in the context of wills and decedent's estates, we have not extended this principle to include third parties challenging the appointment and activities of guardians and conservators. Although E.O. argues her litigation costs should be recoverable based upon financial benefit to the estate and sound administration of the guardianship, we decline *521 to extend Estate of Hass to include cases involving third party challenges to guardianships and conservatorship s. Because E.O. has not demonstrated additional attorney's fees are authorized by statute or by the parties' agreement, we conclude the district court did not abuse its discretion in failing to award E.O. additional attorney's fees in this case.
[¶ 17] E.O. also asks this Court to remand the case and to direct State Bank to recover the attorney's fees paid for defending the prior successful appeal and paid in conjunction with the mismanagement of the estate. We note that there is statutory support for paying the attorney's fees of guardians and conservators. See N.D.C.C. §§ 30.1-28-03(9), 30.1-29-24(3)(w), (x). Based upon our review of the record, however, we do not believe E.O. has demonstrated the district court abused its discretion in awarding those fees, and we therefore reject her request.

IV
[¶ 18] We dismiss as moot E.O.'s appeal from the district court orders relating to the guardianship and the conservatorship, and we affirm the order denying E.O. additional attorney's fees.
[¶ 19] GERALD W. VANDE WALLE, C.J., DONOVAN FOUGHTY, D.J., SONNA M. ANDERSON, D.J., and MARY MUEHLEN MARING, JJ., concur.
[¶ 20] The Honorable SONNA M. ANDERSON, D.J., and DONOVAN FOUGHTY, D.J., sitting in place of SANDSTROM, J., and KAPSNER, J., disqualified.